CASE 118—EQUITY—JANUARY 27, 1883.

# Livingston, &c., v. City of Paducah.

APPEAL FROM M'CRACKEN COMMON PLEAS COURT.

The act in question authorizes the common council of Paducah "to license and tax all vehicles running in said city, or used in conducting or in connection with the regular business of the person or persons so running said vehicles, at the rate of not less than three nor more than ten dollars:. *Provided, however*, That vehicles owned and used in the city for family use only shall not be taxed more than three dollars per annum." The vehicles of appellants and others using them for their families alone had already been assessed for an *ad valorem* tax by the council under a previous statute.

1. *Held*—The amount of tax is grossly disproportioned to taxes imposed upon other property in that city, or that, with due regard to the rights of the citizen, can be imposed in this manner.

2. It amounts to taking private property for public use without compensation, and thus far the act is invalid.

3. Every law imposing taxation is not invalid because it operates to some extent unequally, and incidentally imposes double taxes.

4. The statute, to the extent that it provides for taxation upon vehicles used in "regular business," &c., is valid.

J. C. GILBERT FOR APPELLANT.

1. The legislature has no power to authorize the city council of Paducah to assess and collect an *ad valorem* tax, and, in addition to that, three dollars special tax on property not used in any business, and which receives no more protection from the city by reason of the latter tax than it already had under the former.

2. The act is unconstitutional. (Marshall v. Donovan, 10 Bush; Preston v. Roberts, 12 *Ib.*; 31 Texas, 237; Cooley on Taxation, 392, 428; 9 Geo. Rep., 209; Session Acts 1871, vol. 1, 155.)

S. E. BRYCE FOR APPELLEE.

1. By section 18 of an act to amend the charter of Paducah, approved 26th February, 1878, express authority is given to the city to tax all vehicles running in the city. Families not using vehicles in the city are not required to obtain license.

2. The act is constitutional. (Lou. City Railway v. Louisville, 4 Bush, 479; Mason v. Trustees of Lancaster, *Ib.*, 407.)

JUDGE LEWIS DELIVERED THE OPINION OF THE COURT.

Appellants, being numerous tax-payers of the city of Paducah, allege in their petition that they each own a vehicle employed exclusively for their own private and family use and accommodation, and not for hire, or any use by the public, or for or by others, upon which they have been assessed by said city an *ad valorem* tax equal to that assessed or assessable on any other personal property in said city, and which they have regularly paid, &c. They further allege that, by an ordinance of the city council, they have been required to pay an additional tax of three dollars and fifty cents on each of their said private vehicles; three dollars of which is for the use of the city, and fifty cents for the benefit of, or as compensation to, the clerk of the city council; and that they are required by said ordinance to take out a license for one year for each of said vehicles.

An injunction was granted enjoining the city of Paducah from collecting the three dollars tax and the fifty cents fee of the clerk mentioned in the petition; but subsequently a demurrer to the petition was filed, and the court rendered judgment sustaining it, dismissing the petition, and dissolving the injunction.

The act of the general assembly, under which the ordinance was passed taxing vehicles used exclusively for private and family purposes, and requiring the owners of such to

obtain a license, is as follows: " . . . . That the common council of the city of Paducah shall have the power and authority to license and tax all vehicles running in said city, or used in the conducting, or in connection with the regular business of the person or persons so running such vehicles, at the rate of not less than three nor more than ten dollars: *Provided, however,* That vehicles owned and used in the city for family use only shall not be taxed more than three dollars per annum."

The greatest amount of tax the city council is empowered by the statute to impose upon vehicles of the kind described in appellants' petition, is three dollars per annum, and the tax of fifty cents upon each of them for the use or compensation of the clerk of the city council is, therefore, not authorized, but void, whether the statute itself be valid or not.

Under other statutes, existing at the time the one quoted was enacted, provision was made for an *ad valorem* tax upon vehicles owned and used in the city for family use only, and as alleged in the petition of appellants, the same property upon which the specific tax complained of was attempted to be levied was also regularly assessed and was assessable for taxation according to value. The necessary result, therefore, of upholding the specific tax upon such vehicles, would be to subject the same property to a double tax each year for the support of the city government.

"It is a fundamental maxim in taxation that the same property shall not be subject to a double tax, payable by the same party, either directly or indirectly; and when it is once decided that any kind or class is liable under one provision of the statutes, it has been held to follow, as a legal conclusion, that the legislature could not have intended

the same property should be subject to another tax, though there may be general words in the law which would seem to imply that it may be taxed a second time. This is a sound and very just rule of construction, and it has been applied in many cases, when, at first reading of the law, a double taxation might seem to have been intended." (Cooley on Taxation, 165, 166, and authorities cited.)

We approve of this rule of construction, and refer to it for the purpose of showing how duplicate taxation is regarded by the courts, and their reluctance to sanction laws expressly providing for it; but we do not feel at liberty to adopt in this case the legal conclusion that double taxation was not intended by the legislature, because if it is not required in express words of the law, it is by necessary implication, and it therefore becomes our duty to pass upon the validity of the statute.

We readily concede the supreme authority, under the constitution, of the legislative department over the subject of taxation, and are aware of the difficulty in many cases of determining the limit fixed by the constitution to the exercise of that authority. The power to impose, either direct or indirect, specific or *ad valorem* taxes, and also provide for local assessments, as well as the right to delegate that power to municipal corporations, have been too long sanctioned and exercised to be now questioned.

Under any system of taxation that may be devised "an exact equalization of the burdens of taxation is unattainable and eutopian." Approximate equality being all that is practicable; and in many cases, especially where two or more systems of taxation are combined, duplicate taxation results incidentally and is unavoidable. It is therefore obvious that, to declare every tax law invalid because it

operates to some extent unequally, and incidentally imposes. double taxes, would defeat all taxation.

The power of the legislature to impose license tax, and tax on business, occupation, franchises, privileges, &c., being clear, the statute under consideration, to the extent that it provides for the imposition of a tax upon vehicles in the city of Paducah, "used in the conducting of, or in connection with the regular business of the person or persons. so using them," is valid, notwithstanding such vehicles. may, by a different statute, be subject to taxation according to their value for the same purpose. For though, in the apportionment of the specific tax, the amount each person liable for is determined by the number of such vehicles he may have, and they, in fact, constitute a portion of his capital invested in the business, still, as the subject of taxation is the business, and not the vehicles used as instruments. or means in carrying it on, the tax is not invalid. To make the incidental and unavoidable, and often unappreciable, results of the operation of a tax law a test of its validity, is beyond the province of the courts.

"It is only when statutes are passed which impose taxes. on false or unjust principles, or operate to produce gross. inequality so that they cannot be deemed in any sense proportioned in their effect on those who are to bear the public charges, that courts can interfere and arrest the course of legislation by declaring such enactments void." (Cooley on Taxation, 127.)

A statute which makes any kind of property the subject of taxation, and, discriminating, imposes upon it a double burden for a single object, makes even approximate equality and uniformity impossible, because it is an arbitrary and. radical departure from both.

By express provision of the statute before us, the private vehicles of appellant are designated as subjects of taxation, and as such are required to contribute, not incidentally or indirectly, but directly, twice each year to the same object— the support of the city government—while on other property in Paducah only an annual tax is levied.

But if the statute was not otherwise objectionable, the amount of tax authorized to be collected is grossly disproportioned to taxes usually imposed in that city, or that, with due regard to the constitution or the rights of the citizen, can be imposed. For, in addition to the *ad valorem* tax to which the property of appellants is subject, each of their vehicles is made liable under this statute for three dollars per annum, which, in many cases, is equivalent to five or six per centum of their value.

Such an imposition amounts to taking private property for public use without compensation, and should not be upheld or enforced. We are therefore constrained to hold it invalid so far as it affects vehicles "owned and used in the city for family use only."

The judgment of the court below is reversed, and cause remanded for further proceedings consistent with this opinion.