Standard Oil Co. v. Commonwealth.

---

CASE 11—PROSECUTION AGAINST THE STANDARD OIL CO. FOR STORING OIL IN BULK WITHOUT HAVING PROCURED A LICENSE.—NOVEMBER 17.

# Standard Oil Co. v. Commonwealth.

APPEAL FROM LARUE CIRCUIT COURT—SAMUEL E. JONES, CIRCUIT JUDGE.

DEFENDANT CONVICTED AND APPEALS. REVERSED.

TAXATION—PROPERTY TAXES—FRANCHISE TAXES—LICENSE TAXES—STATUTES—CONSTRUCTION.

1. Under Const., secs. 171, 172, 174, requiring taxes to be uniform and property to be assessed at its fair cash value, and taxed in proportion to that value, Ky. St., sec. 4224, imposing a tax of $10 on oil depots wherein petroleum or other oils are stored in bulk or tank, can not be upheld as a valid property tax.

2. Ky. St., sec. 4077, requiring certain enumerated corporations, such as railroads, banks, express companies, turnpike companies, etc., and every other corporation having or exercising any special or exclusive privileges or franchise not allowed to natural persons, to pay an annual tax on its franchise does not include in its requirements mere trading corporations.

3. Prohibitory license taxes are permissible only in case of such pursuits or indulgences as in their general effect are believed to be more harmful than beneficial to society, and which the public interest requires to have ended.

4. Under the constitutional provisions requiring uniformity of taxation, and the provision of the Bill of Rights relative to the acquisition and protection of property, Ky. St., sec. 4224, imposing a tax of $10 on each oil depot in the State, can not be upheld as

a license tax if the subject of the license is construed to be the oil depot or building.

5. In construing statutes, the courts will never adopt a construction that makes them violate the Constitution, if any other is susceptible from their words.

6. When the possession or the use or vending of a particular kind of property is dangerous or deleterious to the health or safety of the community, such possession, use, or vending may be regulated by the State under the exercise of its police power, and inflammable oils kept in large quantities are within the class of property the possession or disposition of which may be so regulated.

7. Ky. St., sec. 4224, imposing a tax of $10 on each oil depot in the State wherein petroleum or other oils are stored in bulk or tank, is to be construed as a police regulation, licensing the storing of oils in bulk or tank, the tax imposed being an incident of the regulation.

8. Any warehouse or place where oils are stored in large quantity is a depot within the meaning of Ky. St., sec. 4224, imposing a tax on oil depots wherein petroleum or other oils are stored in bulk or tank.

9. Under Ky St., sec. 460, requiring words and phrases to be construed according to the common and approved usage of language and technical words according to their technical meaning, the words "in bulk or tank," found in Ky. St., sec. 4224, imposing a tax on oil depots wherein oils are stored in bulk or tank, are to be construed as referring to oil stored in large oil tanks, holding hundreds or thousands of barrels of oil, which are in common use, and not to oil stored in barrels in warehouses or sheds.

HUMPHREY, HINES & HUMPHREY, FOR APPELLANT.

POINTS AND CITATIONS.

1. The Franklin circuit court has exclusive jurisdiction. Section 32, Revenue Act of March, 29, 1902 (Acts of 1902, pp. 355 to 358.)

2. If the tax is upon all oil stored in bulk or tank, regardless of the purposes for which stored, it is not an occupation tax, and not being an ad valorem tax, is not within the legislative powers to tax which are enumerated in the Constitution and which are exclusive of all others. Commonwealth v. Fowler, 16 Ky. Law Rep., 360; Livingston, &c. v. City of Paducah, 80 Ky., 656; City of Covington v. Woods, 98 Ky., 344.

3. The indictment fails to allege in the language of the stat-

Standard Oil Co. v. Commonwealth.

ute under which it is brought that the defendant was engaged in any business or had sold or offered to sell any articles.

(a) The indictment is defective, because it fails to describe the oil depot with reasonable certainty. Section 4198, Kentucky Statutes; Commonwealth v. White, 18 Ben. Monroe, 493; Wilson v. Commonwealth, 14 Bush, 159; L. & N. R. R. Co. v. Commonwealth, 25 Ky. Law Rep., 1452.

(b) If the statute applies only to oil depots used in connection with oil, such connection with the sale of oil must be alleged. Commonwealth v. Shaurer, 4 Ky. Law Rep., 342; Holt v. Commonwealth, 2 Bush, 33; Commonwealth v. Shouse, 16 Ben Monroe, 325; Ward v. Commonwealth, 14 Bush, 233; Commonwealth v. Moore, 17 Ky. Law Rep., 212.

4. Storing barrels of oil is not storing oil in bulk or tank. Definitions in Webster's, Worcester's and the Century Dictionaries; Section 460, Kentucky Statutes.

5. The indictment was not read to the jury. Section 219, Criminal Code; Farris v. Commonwealth, 23 Ky. Law Rep., 580.

N. B. HAYS, ATTORNEY GENERAL, D. J. WOOD, COMMONWEALTH ATTORNEY AND LORAINE MIX, FOR APPELLEE.

1. Our contention is that under the Reveue Act of 1902, under which this indictment is found, no special penalty is provided in case of a failure to procure a license and pay the tax for one engaging in the business named therein, nor is any special jurisdiction named, hence it follows by the plain provisions of said act when construed as a whole, under sec. 2, art. 3 thereof, the penalty for the failure of appellant to procure said license before engaging in such occupation is that fixed by said section, and the jurisdiction of the offense and the venue of the proceedings is in the county where the offense was committed by carrying on said business without authority so to do.

2. This tax is clearly a tax on the calling, occupation or privilege of establishing and maintaining an oil depot for the storing of oils in bulk or tank; and it is not a tax on the oil stored, hence the $10 license fee required to be paid by this statute is not a property tax on the oil stored therein and, therefore, not double taxation. Cooley on Taxation, 3d Ed., vol. 2, pp. 1094 to 1097; Constitution, sec. 181.

3. We contend that to "maintain" is an engaging in a business.

4 The gist of the offense upon which appellant was indicted was not the manner of storing oil, but the occupation of establishing and maintaining an oil depot in this State, wherein oils are stored in bulk or tank, without first procuring a license so

to do; and it is immaterial whether said oils were stored in barrels, bulk, tank, keg or can.

5. No motion to set aside the verdict was made for the alleged reason that the indictment was not read to the jury, and after judgment it was too late to raise this question for the first time on appeal. Patterson v. Commonwealth, 99 Ky., 610; 86 Ky., 314.

OPINION OF THE COURT BY JUDGE O'REAR—REVERSING.

Appellant was convicted for a violation of section 4224, Ky. St., which requires licenses for certain occupations, including the storing of oil in bulk or tanks in oil depots in this State. The facts are that appellant maintained a warehouse at Hodgenville, in which it kept oil stored in barrels in about car lots. As a result of the indictment a fine of $400 was imposed. This appeal involves the constitutionality of the statute, and its construction.

The first thing to be determined is, what is meant to be taxed by the statute? The provision is found in section 4224, which section comprises the whole of subdivision 4 of article 10 of the chapter of the Kentucky Statutes relating to revenue and taxation. The title of this subdivision is "Amount of License Tax." The subjects particularly treated of by the section are tavern and hotel licenses; liquor dealers' licenses; licenses to sell pistols, playing cards and deadly weapons; license of pawnbrokers and trading stamp companies; bowling alleys; circuses and exhibitions; tobacco and cigarette manufacturers; operation of slaughter and packing houses wherein animals are slaughtered; breeding live stock licenses; peddlers' licenses; licensing of foreign railroad companies operating terminals in this State; tax brokers; and oil depots, and the selling of oil by retail by transporting in wagons. It will be observed that the subjects are in keeping with the title.

The Constitution requires that taxes shall be uniform upon

all property subject to taxation within the territorial limits of the authority levying the tax (section 171), and that all property not exempted from taxation by the Constitution shall be assessed for taxation at its fair cash value, estimated at the price it would bring at a fair voluntary sale (section 172). "All property whether owned by natural persons or corporations, shall be taxed in proportion to its value, unless exempted by the Constitution." Section 174. The imposition of an arbitrary sum of $10 as a tax upon each oil depot in this State, without regard to their values, would be a most palpable violation of these sections of the Constitution. It is altogether improbable that every oil depot in the State is of exactly the same value, or, if they were, when taxed as property they could not be taxed either a greater or less per cent. of that value than other property subject to taxation is made to bear. So, from the context and title of the section, we have no hesitancy in declaring that the tax sought to be imposed on oil depots is not a property tax.

The only other taxes authorized by the Constitution are income, license, and franchise taxes. The Legislature has not yet authorized the collection of an income tax. Franchise taxes are collected, but they are imposed only on the intangible property of those corporations classed as public service corporations, or such as enjoy special or exclusive privileges not allowed by law to natural persons. Section 4077, Ky. St. Mere trading corporations are not included. Louisville Tobacco Warehouse Co. v. Commonwealth, 106 Ky., 165, 20 R., 747, 49 S. W., 1069, 57 L. R. A., 33.

Is it, then, a valid license tax? Cooley declares that license fees of taxes may be imposed for the following purposes: (1) For regulation; (2) for revenue; (3) to give monopolies; (4) for prohibition. That the third is inad-

missible in any free government will not be gainsaid; while of the fourth, it is admissible only in cases of those pursuits or indulgences which in their general effect are believed to be more harmful than beneficial to society, and which consequently the public interest requires should be put an end to. If the exaction of the license in the case at bar is said to be for the purpose of revenue, it is met with the argument that the property, viz., the oil and the building where it is stored, are both already taxed equally *ad valorem* with all other property in the State for that purpose; that to tax the same property again for the same purpose would be double taxation, which is not only repugnant to the general rule of construction, but violates the provisions of the Constitution requiring uniformity of taxation. Livingston v. Paducah, 80 Ky., 656, 4 R., 171, is relied on by appellant. In that case license taxes were imposed under a statute upon owners of private vehicles not used for hire. The court said: "A statute which makes any kind of property the subject of taxation, and, discriminating, imposes upon it a double burden for a single object, makes even approximate equality and uniformity impossible, because it is an impossible and radical departure from both." The license tax was in that case held invalid. The popular understanding of the word "license" undoubtedly is a permission to do something which, without the license, would not be allowable. The object of the license is to confer a right that does not exist without the license. Chilvers v. People, 11 Mich., 43. The right to own a house in which oil might be stored is not prohibited by any law. Consequently, the granting of a license for that purpose gives no right. The right of acquiring property and protecting it, found in the Bill of Rights, is even above the right of taxation, for the exercise of the former can not be denied until a license to exercise

it has first been obtained from the State. The right to own oil depots in this State is not dependent upon a privilege to be first obtained in the form of a license granted by the State.

The authority of Livingston v. Paducah, *supra,* aside from the reasons already advanced, would force us to say that the tax in this case was also invalid, although imposed as a license and not a property tax, if the subject of it is the oil depot or building. In construing statutes, the courts will never adopt a construction that makes them violate the Constitution, if any other is susceptible from their words. We therefore reject the construction that makes this statute impose either a property tax or a license for owning real property.

The remaining head under which license taxes may be imposed is that of regulation. When the possession or the use or vending of a particular kind of property is dangerous or deleterious to the health or safety of the community, it may be regulated by the State, either in its possession or disposition, under the exercise of the police power inherent in government. That oils, highly inflammable and kept in large quantities, are within this class of property, will not be denied. The words of this particular subsection are: "To each oil depot in this State, wherein petroleum, lubricating or other oils are stored in bulk or tank, ten dollars. . . ." Some meaning must be given the provision, if possible. We think the Legislature had in mind, and the words fairly import the purpose to be, the licensing of storing oils in bulk or tank in depots in this State, intending the provision as a police regulation, the license tax imposed being an incident of the regulation, as is the case in peddlers' licenses: We are further of opinion that any ware-

house or place where oils are stored in large quantity is a depot within the meaning of the statute.

The remaining question is the construction of the words "in bulk or tank." It is well known that merchants dealing in oils generally keep, and heretofore almost universally kept, a quantity of oils in barrels, or small metallic tanks of about one barrel capacity. In many localities in this State the custom doubtless continues. Yet they were never regarded as the subject of license taxation. If the Legislature had intended such a sweeping change of policy as to include them in the provisions of the act, they would more likely have worded the clause thus: "To each oil depot in this State, wherein petroleum, lubricating or other oils are stored, ten dollars"—omitting the words "in bulk or tank." Because, if it had been intended to include all places used exclusively for storing oils, no qualification would have been necessary or proper. The words "in bulk or tank" imply that all places where oil was stored exclusively was not intended to be covered by the statute. The old custom of keeping oil in barrels—until within the last few years the almost universal custom throughout the State—can not have been unknown to the Legislature. That they omitted that class of storage is significant, indicating a purpose not to include it. The term "in bulk" has long been understood in commercial circles as contradistinguished from "package" or "parcel," as where wheat, lard, and the like are sold in bulk. Yet manifestly everything, even wheat in bulk, must have some confining receptacle. That would be true of even a lake of water. The term has come to be applied so generally that it is defined in Webster's Unabridged Dictionary as "in a mass; loose; not enclosed in separate package or divided in separate parts; in such shape that any desired quantity may be taken or sold." and "laden in

bulk" and "stored in bulk" as meaning "having the cargo loose in the hold, or not inclosed in boxes, bales, or casks." Bouvier defines "bulk," in law, as merchandise which is neither counted, weighed, nor measured. *In Re* Sanders (C. C.) 52 Fed., 806. 18 L. R. A., 549, a statute of North Carolina providing that persons selling seed in packages unmarked by the date when such seeds were grown, except farmers selling in open bulk to other farmers, was construed. The court said: "What is meant by 'open bulk?' The natural meaning of the word is 'in the mass; exposed to view; not tied nor sealed up.'" Section 460 Ky. St., requires: "All words and phrases shall be construed and understood according to the common and approved usage of language; but technical words and such as may have acquired a peculiar and appropriate meaning in the law shall be construed and understood according to such meaning." The common and approved usage of language, the technical meaning given by the business world, and the legal definition of the expression "in bulk," are opposed to the idea of a number of packages, parcels, or barrels, containing merchandise, being regarded as being in bulk. In recent years appellant in particular, and other producers of oil, have adopted the plan of storing their product in large metal tanks holding many hundred, or many thousands, of barrels of oil. These tanks are built of as permanent nature as are houses, and are in a sense buildings' peculiarly adapted for the storing of oil in bulk. This practice has become so prevalent of late years that it has now become quite common in many, if not most, of the counties of this Commonwealth. From these large tanks, which are of themselves oil depots, the oil is drawn off and distributed by wagons. But of course it might also be drawn off, and doubtless in some instances is drawn off, into barrels, cans, or other smaller receptacles for shipment and de-

livery to retail dealers and consumers. The word "tank," used in the statute before us,, unquestionably had reference to the class of large tanks which have just been described. A tank of any kind is "an artificial receptacle for liquids; a large basin or cistern." (Webster.) The first definition given would also apply to barrels or cans, when they were tight enough to hold liquids. The Legislature, in enacting this section, was not aiming at the small merchant with a barrel or so of oil, but at the large dealer who kept it stored in great quantity. The words "in bulk or tank" are used to express the same thing, "tank" being another word to indicate the size of the mass, the storing of which should be the subject of license tax. If storing oils in barrels in a warehouse or shed made the owner amenable to the statute, it would apply necessarily to all who so stored two or more barrels. If the Legislature had intended to include such, it would, as it so easily could, have used the simple word to indicate that purpose, or have omitted the qualifying words restricting it. But from the whole statute we are satisfied such was not the intention. When appellant owns and stores its property not in bulk or tank, but as merchants and others may do, it has the same rights that such merchants have.

For the reasons indicated, the judgment is reversed, and cause remanded for a new trial, with directions to the circuit court to sustain the demurrer to the indictment.