## Commonwealth v. Chesapeake & O. Ry. Co.

(Decided Nov. 21, 1933.)

BAILEY P. WOOTTON, Attorney General, FRANCIS M. BURKE, Assistant Attorney General, and THOMAS E. NICKEL and J. R. SOWARDS for appellant.

BROWNING & DAVIS for appellee.

OPINION OF THE COURT BY JUDGE CLAY—Affirming.

On May 5, 1932, the grand jury of Greenup county returned an indictment against the Chesapeake & Ohio Railway Company, a common carrier of passengers, charging it with the offense of unlawfully and willfully issuing and furnishing to a county officer of Greenup county a free pass. After the court had overruled the demurrer to the indictment, the defendant entered a plea of "Not guilty," and by agreement of the commonwealth and the defendant a jury was waived, and the cause was submitted to the court on an agreed statement of facts. Whereupon the court adjudged the defendant "Not guilty," and the commonwealth appeals.

The facts stipulated are: The railway company is an interstate carrier engaged in the operation of a line of railway through the states of Virginia, West Virginia, Kentucky, and Indiana. H. T. Morris, to whom

the pass was furnished, is a physician and surgeon of the railway company. At the time the pass was furnished, Morris was a member of the Greenup county board of health. The pass issued to Morris was by its terms limited to interstate transportation; it being provided on the face of the pass that it was "not good for intra-state transportation in Kentucky." The pass was used by Morris for interstate transportation from the city of Greenup, Greenup county, Ky., to White Sulphur Springs, in West Virginia.

The federal statute, 49 USCA sec. 1, par. (7), provides:

"No common carrier subject to the provisions of this chapter, shall, directly or indirectly, issue or give any interstate free ticket, free pass, or free transportation for passengers, except to its employees and their families, its officers, agents, surgeons, physicians, and attorneys at law."

There are other exceptions not necessary to be considered.

Section 197 of the Constitution of Kentucky provides:

"No railroad, steamboat or other common carrier, under heavy penalty to be fixed by the general assembly, shall give a free pass or passes, or shall, at reduced rates not common to the public, sell tickets for transportation to any state, district, city, town or county officer, or member of the general assembly, or judge, and any state, district, city, town or county officer, or member of the general assembly, or judge, who shall accept or use a free pass or passes, or shall receive or use tickets or transportation at reduced rates not common to the public, shall forfeit his office. It shall be the duty of the general assembly to enact laws to enforce the provisions of this section."

By section 201c-1, Kentucky Statutes, it is made unlawful for any common carrier of passengers in this state or any officer or agent of such common carrier to issue or give to any person or persons any free pass or free transportation, or sell any ticket at reduced rates not common to the public, "for the transportation of any passenger or passengers within this state," except to the persons designated in section 201c-2 of the act.

By section 201c-2, it is provided that no common· carrier subject to the provisions of the act shall directly or indirectly issue or give any free pass or free transportation, or sell any ticket at reduced rates not common to the public, for passengers, "except to its officers, bona fide employees, agents, attorneys, physicians and surgeons, and the dependent members of their immediate families." Then follow numerous other exceptions, many of which are similar to the exceptions contained in the federal act. By section 201c-3, it is provided that, if any officer, agent, attorney, or employee of such common carrier be also a state, county, district, or municipal officer, member of the General Assembly or judge, then the exemption or exception contained in section 201c-2 shall not apply, but the provisions of section 201c-1 and the penalties prescribed by the act shall apply to the giving and acceptance or use or attempted use of a free pass or free transportation. The foregoing sections were enacted for the purpose of carrying the constitutional provision into effect. Section 201c-1 contains the ·prohibition, and section 201c-2 contains the exceptions, among which are officers, employees, physicians, and surgeons. Section 201c-3, removes state, county, and other officers from the excepted class and places them under the provision of section 201c-1. The only question we need consider· is whether the issuing of an interstate pass falls within the purview of the statute. It is not to be presumed that the General Assembly intended to pass an invalid act by attempting to regulate interstate commerce and entering a field pre-empted by Congress. Associated Producers Co. v. Board of Supervisors of Estill County, 202 Ky. 538, 260 S. W. 335. On the contrary, the rule is that, if possible, a statute will be construed so as to render it valid. Standard Oil Co. v. Commonwealth, 119 Ky. 75, 82 S. W. 1020, 26 Ky. Law Rep. 985. The prohibition contained in section 201c-1 is against the issuing of any free pass or free transportation, etc., "for the transportation of any passenger or passengers within this state." The words "within this state" as applied to commerce or transportation usually mean from one point in the state to another point in the state, Western Union Telegraph Co. v. City of Fremont, 39 Neb. 692, 58 N. W. 415, 26 L. R. A. 698, Converse v. Northern Pacific R. Co. (C. C. A.) 2 F. (2d)

959, and will be so construed in order to uphold the statute.

It follows that the issuance of an interstate pass to a county officer is not a violation of the statute, and that the circuit court did not err in so holding.

Judgment affirmed.

Whole court sitting.