**Richard Franklin DRIVER, individually, etc., et al., Appellants,**

v.

**E. P. SAWYER, Appellee.**

Court of Appeals of Kentucky.

June 18, 1965.

Rehearing Denied June 25, 1965.

James F. Kemp, Joseph R. Rubin, Richard M. Trautwein, Rubin & Trautwein, Bernard S. Goldstein, Asst. Director of

Law of City of Louisville, J. W. Jones, City Atty. of St. Matthews, Louisville, for appellants.

Charles Speed Gray, Louisville, for appellee.

CULLEN, Commissioner.

In an action for a declaration of rights brought by the county attorney of Jefferson County against appropriate defendants the circuit court entered judgment upholding the validity of: (1) Chapter 125 of the Acts of 1964 (KRS 67.125, 26.430, 26.530, 431.100), which provides for the imposition of a tax of $2.00 on each conviction in a criminal case (except for a parking violation) in any court in a county containing a city of the first class, the proceeds of which tax are to go to the county jail building fund; (2) Chapter 224 of the Acts of 1962 (KRS 67.450 to 67.555) which sets up a "holding company" plan for financing the construction of county buildings in any county; and (3) a specific plan of Jefferson County for the financing of a new county jail under the statutory "holding company" plan, pursuant to which the site for the jail would be conveyed by the county to the county building commission, the latter would erect a jail from the proceeds of revenue bonds, and the county would rent the jail on a year-to-year basis, using the proceeds of the criminal convictions tax as the source of the rent payments.

It is our opinion that the 1964 Act providing for the criminal conviction tax violates Sections 171 and 181 of the Kentucky Constitution.

The Act (see KRS 67.125) provides that from and after the adoption by the fiscal court of a resolution establishing a county jail building fund there "shall be levied" a tax of $2.00 on each conviction in a criminal case (except for a parking violation) in any court in the county, the proceeds of which tax are to go to the county jail building fund. The taxes collected on con-

victions in the circuit, quarterly and magistrates' courts are paid first into the State Treasury and then transmitted to the county treasurer for the jail building fund. The taxes collected in municipal courts in any of the cities in the county are paid directly by the city to the county treasurer for the jail building fund.

■ If this tax is to be considered as one imposed by the *county*, it violates Section 181 of the Kentucky Constitution because it is not a *kind* of tax that a county may levy. Ad valorem taxes and license taxes are the only kinds of taxes that a county may levy. Wiedemann Brewing Co. v. City of Newport, Ky., 321 S.W.2d 404.

■ If, on the other hand, the tax is to be considered a tax imposed by the *state* for county purposes, it runs squarely into the opening words of Section 181: "The General Assembly shall not impose taxes for the purposes of any county * * *."

■ There remains only the possibility that the tax could be considered as one imposed by the state for *state* purposes; this being on the theory that a county jail is a matter of general statewide concern. But the tax cannot be sustained even under this view because by the clear mandate of Section 171 of the Kentucky Constitution a state tax must be imposed on a statewide basis. Here the tax is imposed only in one county. Actually it would be extremely difficult to treat the tax as a state tax because in reality the tax is imposed by the county by reason of the fact that the fiscal court makes the decision that puts the tax into effect; furthermore, the tax is collected only in the county and its proceeds are expended only in the county.

Cases such as Board of Trustees, Newport Public Library v. City of Newport, 300 Ky. 125, 187 S.W.2d 806, and Board of Trustees of Policemen's and Firemen's Retirement Fund v. City of Paducah, Ky., 333 S.W.2d 515, holding that the General Assembly may require a county or city to levy a tax for a purpose which is local

in application but is of statewide concern, are of no help because, as hereinbefore pointed out, the tax here involved is of a kind that is not within the power of a county to levy for any purpose.

Also, cases such as Miller v. State Building Commission, 308 Ky. 249, 214 S.W.2d 265, holding that money raised by state taxes may be expended in a particular locality for a localized function if the purpose served is one of statewide concern, are not applicable because, as hereinbefore stated, a state tax cannot validly be levied in one county only, and in any event the tax here in question cannot reasonably be considered to be a state tax.

In simple truth, the situation is that the taxing resources of Jefferson County have proved inadequate to provide a suitable jail, which is a predominantly local facility. By the Act here in question, the General Assembly has sought to delegate to the county some of the state's taxing power. That is exactly what Section 181 of the Constitution is intended to prevent. See Board of Trustees of Policemen's and Firemen's Retirement Fund v. City of Paducah, Ky., 333 S.W.2d 515.

It is suggested that somehow the Act could be validated by considering the imposition of the charge of $2.00 on each criminal conviction as being in the nature of *costs* or an added *fine*. It is not clear how even if so considered the charge, imposed only in one county, could be sustained. In any event, there is no possible justification for treating the charge as anything other than a tax because (1) it is expressly called a tax and (2) its plain, undisguised purpose is to produce revenue.

It appears that the proposed plan of Jefferson County for financing a new jail is dependent upon the validity of the criminal conviction tax. We having held that tax invalid, there remains no justiciable controversy with respect to the validity of the "holding company" statute and the features of the Jefferson County plan which involve

that statute. Accordingly, it is inappropriate for any adjudication to be made in those regards.

The judgment is reversed with directions to enter judgment in conformity with this opinion.