Howard and Mary BARBER, Esker L. and Margaret C. Arwood, James L. and Blanche Case, and Bertha Borman, Appellants,

v.

COMMISSIONER OF REVENUE, Commonwealth of Kentucky, ex rel Campbell County Fiscal Court, City of Silver Grove, Campbell County, Kentucky, Appellees.

Court of Appeals of Kentucky.

March 2, 1984.

Discretionary Review Denied by Supreme Court Sept. 6, 1984.

Charles T. Lester, Jr., Fort Thomas, for appellants.

Justin D. Verst, Newport, for City of Silver Grove.

William Wehr, Newport, for appellees.

Before HAYES, C.J., and HOWERTON and McDONALD, JJ.

HOWERTON, Judge.

The appellants are owners of a trailer park in the City of Silver Grove, Campbell County, Kentucky. Howard Barber operates the business, and he, with his wife, has contracted to purchase the property. He is the real party in interest on this appeal. We will hereafter refer to all appellants as BARBER.

Barber appeals from a portion of a judgment in the Campbell Circuit Court which found him liable to the City of Silver Grove in the sum of $3,891.75 for fire protection service charges. He argues that the City of Silver Grove does not have the authority to impose the fire protection service charge in the manner in which it was levied. He further argues that even if the fire protection service charge is valid, he cannot be assessed for charges against property he does not own or be required to be the collector for the city on property of others temporarily located in his trailer park.

As a general rule, a city has broad powers to do whatever is necessary for the health, safety and welfare of its residents. Fire protection is a proper and customary governmental service. Such service may be provided by a fire department within the city, by volunteers which operate city-owned equipment, or by contract with a nearby fire department or volunteer service. Fire protection may also be provided through a fire protection district. Proper fire protection also requires the installation of adequate water supplies and reasonably-spaced fire hydrants. Any degree of fire protection necessarily costs money. The question is: How is it properly assessed against the property owners who will be benefited?

In 1965, the City of Silver Grove adopted an ordinance which placed a levy "upon all improved real property within the territorial limits of the City of Silver Grove." The levy was to be known as the "fire protection service charge." The original levy charged each family residence $10, with the provision that the same levy would apply to occupied house trailers. Multi-family housing carried an additional $5 levy for each extra unit. Buildings other than garages and outbuildings associated with a residence, but which were neither a residence nor a business, were also charged $10 per year. Businesses paid an annual service charge of $20. The ordinance provided that the billing would be made with the ad valorem taxes, and it further provided that the funds collected for this purpose would be set aside in a special account from which all expenses for fire protection would be paid. The ordinance was amended in 1976 to raise the levies to $15 for each single-family unit, $7.50 for each apartment or multi-unit after the first, and $25 for businesses.

Cities may levy ad valorem taxes on real and personal property. They may also sell licenses on businesses and collect taxes based on income derived from occupations within the city. They may raise revenue from franchises and have service charges for such things as permits and solid and sewage waste disposal. The normal way to pay for fire protection, however, is through an ad valorem tax on all real and personal property. Such a tax would equally affect residences, businesses, mobile homes, automobiles, and some building contents, on the basis of value. For example, if a residence in Silver Grove had an assessed value of $30,000, a five-cent-per-hundred-dollar value would produce $15 per year. The same five-cent-per-hundred-dollar value would produce a $25 return on business property with a value of $50,000. For ad valorem taxes to be valid, they must be levied in proportion to the value of the property. Kentucky Constitution, § 174. The fire protection service charge is not an ad valorem tax; but, if it were, it would be invalid since it is based on a flat rate regardless of the value of the property. *Standard Oil Co. v. Commonwealth*, 119 Ky. 75, 82 S.W. 1020 (1904).

The City of Silver Grove argues that the service charge may qualify as an ad valorem tax under KRS 82.085. The statute provides for some flexibility and differentiation in rates within different areas of the same taxing district. The city therefore contends that the flat rate is permissible in varying amounts based on types and uses of structures. We disagree. The purpose of KRS 82.085 is to allow some tax relief to areas within a taxing district which are not afforded full services, such as fire protection.

The service charge fails to fall into any normal levy as authorized by Kentucky Constitution, §§ 171, 174, and 181. *See also Driver v. Sawyer*, Ky., 392 S.W.2d 52 (1965), which describes the types of taxes a county may levy. The question remains: What type of levy is the service charge?

The city argues that it has the power to perform any function in furtherance of a public purpose within its boundaries, citing KRS 82.082. It further alleges that it may enter into contracts for furnishing and receiving such things as fire protection services, citing KRS 75.050. It then cites

KRS 92.290 for the proposition that all real and personal property within the city is subject to assessment and taxation for payment of such services. We do not disagree with any of these points, but we are still concerned with what assessments and taxation are authorized, and how they might be fairly imposed. The levy imposed by the City of Silver Grove is not an ad valorem tax, a license tax, occupational tax, or franchise tax. It must either be an assessment or a service charge similar to those imposed for waste collection and other proprietary-type city services.

■ The city argues that its fire protection service charge qualifies as a special assessment, citing *Krumpelman v. Louisville & Jefferson County Metropolitan Sewer District,* Ky., 314 S.W.2d 557 (1958). Special assessments are in the nature of a tax, and they are levied for public purposes. They are sometimes collectible along with the assessment for ad valorem taxes. The type of special assessment referred to in *Krumpelman, supra,* is similar to the levy authorized for a special public improvement project. Such might be applicable if the City of Silver Grove had a special project to install larger water mains and fire hydrants. The cost could be paid for through a bond issue with each abutting property owner being assessed on a pro rata share of the total cost. An acceptable basis could be the linear footage abutting or crossing the property. The charge would be a one-time charge and it might be payable by single or periodic payments. It is not a recurring annual charge, however, such as the City of Silver Grove's fire protection service charge. The special assessment for public improvement projects is authorized by KRS Chapter 107. It is a method of financing municipal improvements, and there is a limit as to how many times and how frequently property owners may be assessed for improvements such as sewers and streets, etc. *See also* Chapter 91A of the Kentucky Revised Statutes.

■ We find the equity and fairness of the city's service charge to be very questionable, and we find no authority for such a levy. However, we find that the statutes authorize fire protection districts and volunteer fire departments to be funded by ad valorem taxes. KRS 75.040. Fire protection is a governmental service from which all residents receive an indirect benefit but only a few residents will receive a direct service. It is not comparable to a sewer service charge which may be based in part on water consumption or the amount of waste which might be reasonably calculated to be put into the system. It is also not like charges for solid waste disposal which may be based on a flat fee-per-stop or a minimum fee-per-customer with extra charges for extra volume at homes or commercial establishments.

We conclude that the constitution and statutes intend for governmental services, such as fire protection, to be shared equally and equitably by all in the community who own property. The proper way is to charge all real and personal property to be benefited by the fire protection with a rate times the assessed value of the property.

Having decided that the fire service charge as imposed by the City of Silver Grove is invalid, we need not address Barber's other issues. The judgment of the Campbell Circuit Court is reversed, and this action is remanded for entry of a new judgment consistent with this opinion.

All concur.