CITY OF BROMLEY; James Miller, Mayor of the City of Bromley; and Janet M. Gardiner, City Clerk of the City of Bromley Appellants/Cross–Appellees,

v.

Gail SMITH and Wichmann & Schaffer, Appellee/Cross–Appellants.

No. 2003–SC–0141–DG, 2003–SC–0144–DG.

Supreme Court of Kentucky.

Nov. 18, 2004.

Robert T. Watson, Landrum & Shouse, LLP, Louisville, Robert K. Vocke, Covington, Counsel for Appellants/Cross–Appellees.

Frank A. Wichmann, Wichmann & Schaffer, Erlanger, Counsel for Appellees/Cross–Appellants.

Timothy J. Eifler, Walter L. Sales, Ogden Newell & Welch PLLC, Kenneth L. Sales, Sales Tillman & Wallbaum, Louisville, Counsel for Amici Curiae, Eric and Connie Light.

Thomas J. Luber, Mitzi D. Wyrick, Wyatt, Tarrant & Combs, Louisville, Metro Louisville/Jefferson County Gov't and Kentucky League of Cities.

WINTERSHEIMER, Justice.

This appeal and cross-appeal are from an opinion of the Court of Appeals that affirmed that part of a judgment of the Kenton Circuit Court which found the City of Bromley had passed an unconstitutional tax on property owners and denied the request by Smith for a certification of a class for refund purposes.

The Court of Appeals, however, reversed that part of the judgment that found the tax to be illegal as it concerned mobile homeowners because Smith did not have standing and reversed the denial of a class certification to challenge the tax.

The questions presented are whether the city ordinance imposing a flat tax of $60 for each residential unit and each business unit within the city for life squad and other nonfire-related emergency services is constitutional and whether a citizen challenging the tax is entitled to class certification for refund purposes.

It should be noted at the outset that no appeal was taken from that part of the decision of the Court of Appeals which found that Smith did not have standing as it concerned the tax on mobile homeowners. It should also be understood that special assessments for municipal improvements and user charges for the provision of measurable services, such as waste collection and storm water drainage, are not technically considered taxes and are not part of this decision. *Cf. Long Run Baptist Ass'n, Inc. v. Louisville and Jefferson County Metropolitan Sewer District,* Ky. App., 775 S.W.2d 520 (1989).

Smith is a citizen, resident and taxpayer of the city in addition to being a duly elected, qualified and acting member of the city council. She owns an interest in real estate within the city and is subject to ad valorem taxes. In 1999 and 2000, the city enacted ordinances which imposed an ad

valorem tax on all nonexempt real, personal and mixed property in the city. Each of the ordinances also levied a flat-rate tax on every residential unit or lot and business unit in the city regardless of value for the provision of a life squad and other emergency but nonfire-related services. The ordinances also established a due date and a 25 percent penalty and interest on both the tax and the penalty at the rate of one percent per month until paid.

Both ordinances were passed despite Smith's objections. The taxpayer protested and paid the fees and taxes imposed and then filed suit alleging that the life squad tax was unconstitutional and that she should be entitled to a class certification. The circuit judge entered a summary judgment determining that the mobile home taxes and the life squad taxes were non ad valorem taxes that were unconstitutional and void, but declined to authorize a class certification. The Court of Appeals affirmed in part, reversed in part and remanded to the circuit court for dismissal of claims regarding the mobile home taxes and the institution of a plaintiff class. This Court accepted discretionary review.

The City argues that the Court of Appeals failed to consider significant public policy concerns which required a finding that the imposition of a flat tax for life squad and other nonfire-related emergency services was constitutional. It distinguishes *Barber v. Comm'r of Revenue,* Ky. App., 674 S.W.2d 18 (1984), on the grounds that the life squad services are not fire-related and not related to the value of the property. The City claims that the flat tax is fair because it requires those who would otherwise be tax exempt, the elderly and infirm, to pay their fair share for services from which they benefit the most. It contends that Smith is not entitled to class certification.

Smith responds that the request of taxpayers for a refund of an unconstitutional tax should have been certified as a class action. She maintains that the Court of Appeals ignored the common law of tax refunds, the 1996 amendments to KRS 134.590(3) and (6) and the statutory rules of construction that have been developed in order to prevent judicial encroachment on the legislative function of government in violation of Section 27 of the Kentucky Constitution. Smith argues that the tax is unconstitutional and void for the same reasons set forth in *Barber, supra.* She asserts that the court does not have authority to declare public policy and contends that the class certification requirements were satisfied.

## I. Constitutionality

The annual flat-rate tax assessed per unit of real property and imposed for life squad purposes is not authorized under the Kentucky Constitution in the form that has been chosen by the City. In Kentucky, local real property taxes must be ad valorem, that is, based on assessed value. The term "ad valorem" literally means "according to worth." A flat tax is unrelated to value. As correctly observed in *Barber,* other than special assessments for municipal improvements and user charges for the provision of measurable services such as waste collection and sewer service, charges that may be based in part on the amount of waste or water consumption which could be reasonably calculated to burden the system, all property taxes must be based on assessed value or ad valorem. A flat-rate life squad tax is not based on value, and it cannot be deemed to be either a license fee, special assessment or user fee. The taxes are of a type that is not recognized by Kentucky law. Consequently, they are invalid and unconstitutional. It is of interest to note that the legislature has

specified an ad valorem tax as a method of financing emergency ambulance services in KRS 75.040.

We find the situation presented here to be indistinguishable from that found in *Barber*, a case in which the City of Silver Grove adopted an ordinance which placed a levy on all improved real property in the city for a fire protection service charge. Like the service charge in *Barber*, the one here does not come within any ordinary levy as authorized by the Kentucky Constitution in Sections 171, 174, or 181. *Cf. Driver v. Sawyer*, Ky., 392 S.W.2d 52 (1965), which discusses the various types of taxes that may be levied.

The argument by the City regarding public policy is incorrect. This Court only speaks to public policy when the constitution and the legislature have failed to properly recognize it. That is not the case in this situation. Sections 171, 174 and 181 of the Kentucky Constitution established the public policy of limiting how a city may tax property and that is on an ad valorem basis only.

## II. Class Certification

 The taxes in question here are specific or per unit taxes and not ad valorem taxes. They cannot be deemed ad valorem taxes by judicial action and thereby come within the purview of KRS 134.590(3). Thus, it was error for the Court of Appeals to apply KRS 134.590. It was also incorrect in determining that a request for class certification for refund purposes could not be established. Class action relief is available with respect to the common law remedy for aggrieved taxpayers.

The case relied upon by the City, *Bischoff v. City of Newport*, Ky.App., 733 S.W.2d 762 (1987), involves an action seeking statutory refunds of an unlawful local ad valorem tax pursuant to KRS 134.590

before the 1996 amendment to the statute. Before 1996, the statute required in pertinent part that no refund shall be made unless application is made "in each case" within two years after the date of payment. In 1996, the legislature removed the phrase "in each case" following a decision of this Court in *St. Ledger v. Commonwealth*, Ky., 912 S.W.2d 34 (1995), *partially revd. on other grounds*, 942 S.W.2d 893 (1997), which determined that each person must file individual administrative claims for a refund and refused to order the issuance of refunds as common relief. We recognize the argument that many taxpayers were prohibited from obtaining any recovery of an unlawful ad valorem tax previously paid as a result of this decision. Similar decisions were found in *Board of Educ. of Fayette County v. Taulbee*, Ky., 706 S.W.2d 827 (1986) and *Swiss Oil Corp. v. Shanks*, 208 Ky. 64, 270 S.W. 478 (1925).

The critical distinguishing issue is that in *Bischoff, supra, Taulbee, supra,* and *Swiss Oil Corp., supra,* the refund mechanism involved related to ad valorem taxes. In this case, the taxes are not ad valorem taxes and have correctly been found to be unconstitutional. It should also be noted that the unconstitutional life squad taxes were included on bills of the City for ad valorem taxes. The city taxpayers paid the improper tax under the mistaken belief that the taxes were correct. They paid the taxes to avoid burdensome penalties and, therefore, they were under duress or coercion. *See Inland Container Corp. v. Mason County*, Ky., 6 S.W.3d 374 (1999). *See also, Maximum Machine Co., Inc. v. City of Shepherdsville*, Ky., 17 S.W.3d 890 (2000); *Revenue Cabinet v. Gossum*, Ky., 887 S.W.2d 329 (1994).

That part of the opinion of the Court of Appeals which upholds the judgment of the circuit court finding that the flat tax on

property was unconstitutional is affirmed as is the decision to allow a plaintiff class. We reverse that part of the opinion of the Court of Appeals that determines that the life squad taxes can be deemed ad valorem for refund purposes and that part of the opinion that holds that Smith is not entitled to a class certification for refund purposes. This matter is remanded to the circuit court for class certification.

All concur.