COMMONWEALTH of Kentucky ex rel. James E. LUCKETT, Commissioner of Revenue, Appellant,

v.

REVDAY INDUSTRIES, INC. and Kentucky Board of Tax Appeals, Appellees.

COMMONWEALTH of Kentucky ex rel. James E. LUCKETT, Commissioner of Revenue, Appellant,

v.

GAVRIN PRESS CORPORATION and Kentucky Board of Tax Appeals, Appellees.

Court of Appeals of Kentucky.

Oct. 18, 1968.

William S. Riley, Asst. Atty. Gen., Cyril E. Shadowen, Atty., Dept. of Revenue, Frankfort, for appellant.

Wilson W. Wyatt, Wyatt, Grafton & Sloss, Louisville, for appellee Revday Industries, Inc.

Ben B. Fowler, Dailey & Fowler, Frankfort, for appellee Gavrin Press Corp. et al.

CULLEN, Commissioner.

The appeals in these consolidated cases present one question, which in substance is: On a sale (to a new owner who will carry on the business) of the entire assets of a business which has been engaged in manufacturing a product and selling it at retail, is the Kentucky sales tax applicable to the sale of that portion of the assets consisting of manufacturing equipment? The Department of Revenue's contention that the tax is so applicable was not concurred in by the Kentucky Board of Tax Appeals or by the Franklin Circuit Court. The department continues to press its contention on appeal to this court.

One of the cases involves a sale by Revday Industries, Inc., of all its assets and business, to Celanese Corporation. Revday was in the business of manufacturing and selling paint, and some of its sales of paint were at retail so it was required to and did hold a "seller's permit" under the Kentucky Sales Tax Act. Among the assets sold were machinery, equipment and related personalty of the value of almost $5,600,000. This is the property the taxability of the sale of which is in controversy in the Revday case.

The other case involves a sale by Gavrin Press Corporation of all of its assets and

business to Allied Paper Company. Gavrin was in the business of printing and selling business forms, and while most of its sales of forms were to wholesalers or to the Federal Government and therefore were not subject to sales tax, Gavrin did make a few sales at retail so as to require it to hold a "seller's permit" (which it did hold). The sale to Allied Paper Company included manufacturing equipment of a value in excess of $200,000, the taxability of which is in issue.

The Department of Revenue assessed a sales tax on the sales of the manufacturing equipment in both cases. On appeals by Revday and Gavrin to the Kentucky Board of Tax Appeals the assessments were set aside, and on appeal by the department to the circuit court judgments were entered affirming the board's rulings. The department is here appealing from those judgments.

■ The Board of Tax Appeals held in each case that the sale of the manufacturing equipment was exempt from sales tax as an "occasional sale" as defined in KRS 139.070. The board further held that the sales did not constitute taxable "retail sales" as defined in KRS 139.100. The circuit court simply adjudged that the board's determinations were correct.

We shall address our discussion to the "occasional sale" question since we think it is determinative of these cases.

Under KRS 139.070 an "occasional sale" (which is exempt from sales tax) is defined as including, among other things: "A sale of property not held or used by a seller in the course of an activity for which he is required to hold a seller's permit * * *." The word "seller" as used in KRS 139.070 means a person engaged in the business of selling tangible personal property of a kind that is subject to sales tax. KRS 139.140. Every person engaged in business as a "seller" must obtain a seller's permit. KRS 139.240, 139.250.

In substance, KRS 139.070 provides that a sale of property held or used by a seller in the course of the business of selling is *not* exempt as an occasional sale.

The Department of Revenue argues that in the case of a person who manufactures and sells a product, the manufacturing is an integral part of the selling business and therefore the manufacturing equipment must be considered to be held and used "in the course of" the "activity" of selling. The appellee taxpayers maintain that manufacturing is an activity of its own separate and distinguishable from the selling activity.

The question is simply one of determining legislative intent. Hopefully, this can be done without resort to artificial rules.

We start with the observation that the legislature, in KRS 139.070, obviously was trying to *exclude* from the meaning of "occasional sale" some transactions which normally would be thought to be included in the standard meaning of that term; for example, a going-out-of-business sale by a pure retailer. But we think it is reasonable to consider that the legislature intended only a limited or narrow departure from the standard meaning of the term "occasional sale," rather than a broad departure. Reasonably it cannot be thought that the legislature intended to depart as far as possible from the standard; otherwise why exempt any occasional sale? So, we think the word "activity" as used in KRS 139.070 should not be stretched as far as possible; on the contrary, it should be construed narrowly.

■ The "activity" referred to in the statute is the activity of selling goods. While manufacturing may have a relation to selling it is not a part of the *activity of selling*.

We think what the legislature has said is that a sale of property held or used *in that part of* the seller's business for which he must have a seller's permit is not exempt.[1]

---

1. In the instant case there is no issue made as to taxability of the sale of equipment used by the appellee taxpayers in purely selling operations.

Had they meant otherwise they simply would have excluded from exemption property held or used by a seller either in the course of selling or in the *production* of the goods sold.

It is a matter of common knowledge that accounting procedures are designed to separate manufacturing activities from selling activities, so the legislature could not have been concerned with any fear of a difficulty of separating the physical properties according to those activities.

In one of the Department of Revenue's own regulations, SU–42 of May 12, 1960, relating to occasional sales, the department in effect adopted the interpretation here contended for by the taxpayers, because it said that KRS 139.070 makes taxable the sale of "fixtures or equipment" used by a retailer "in the course of *selling* his merchandise" (our emphasis).

It is our conclusion that the sales in question in the cases before us were exempt as occasional sales, in that they were of property not held or used by the sellers in the course of the *selling* activity.

We recognize that California has held to the contrary, under the statutes of that state. See United States Industries v. State Board of Equalization, 198 Cal.App.2d 775, 18 Cal.Rptr. 171. However, we are not persuaded of the correctness of the California court's interpretation of the word "activity."

We further recognize the numerous decisions from sister states other than California, cited by appellees, holding transactions similar to those here involved to be exempt from taxation as occasional sales. However, they are of no value on the narrow question of interpretation of "activity" as used in our statute, because their statutes did not use that word. The decisions are perhaps of some significance in indicating that there is a definite policy in most states to exclude occasional sales, with which policy our legislature can be presumed to have been in accord except to the extent that it *expressly* indicated an intent to depart from the policy.

As stated at the outset of this opinion, the Board of Tax Appeals ruled that the transactions here involved were not "retail sales" within the meaning of KRS 139.100, wherefore, presumably, they were not taxable whether or not considered to be occasional sales. It is unnecessary for us to consider that question and we therefore expressly reserve it. Our affirmance of the circuit court's judgments, which had affirmed the orders of the Board of Tax Appeals, is not to be construed as an affirmance of the board's holding on the reserved question, nor are the circuit court judgments to be so construed.

The judgments are affirmed.

All concur.