**GUST K. NEWBURG CONSTRUCTION COMPANY, Appellant,**

**v.**

**COMMONWEALTH of Kentucky ex rel. John McD. ROSS, Commissioner, Dept. of Revenue, et al., Appellees.**

Court of Appeals of Kentucky.

Dec. 13, 1974.

Ben B. Fowler, Stites, McElwain & Fowler, Frankfort, for appellant.

William S. Riley, Dept. of Revenue, Frankfort, for appellees.

JONES, Justice.

The facts in this case are not in dispute.

Newberg Construction Company is an Illinois corporation. It is engaged in the business of general contracting for construction. In early 1962, Newberg entered upon a construction project for the United States Government in Kentucky, known as Barkley Dam and Power Plant. In the course of construction, Newberg transported substantial items of equipment to Kentucky.

As portions of the contracted work were completed, Newberg either moved various items to other locations outside Kentucky, or in the event such items were not required for use by the company, sold the items.

The Department of Revenue made assessments for sales tax on such sales for the period from February 4, 1966, through August 30, 1966. The Department's assessment was based on Newberg's gross receipts from the sales which amounted to $503,827.85.

During the period from February 4, 1966, through August 30, 1966, Newberg

sold fifteen pieces of equipment to eleven purchasers. We think it beneficial for a proper determination of the issues presented to list the sales, which were as follows:

| DATE | NAME OF PURCHASER | SALE PRICE | DESCRIPTION |
|---|---|---|---|
| 2/4/66 | Shamrock Corporation | $350.00 | 20″ used band saw |
| 2/4/66 | M. D. Moody and Sons | $90,000.00 | crawler crane |
| 3/15/66 | Al Fishel Equipment | $8,000.00 | 75 ton lowboy |
| 3/7/66 | Bates and Rogers | $4,000.00 | turnpacker and accessories |
| 3/16/66 | Western Tractor Co. | $3,000.00 | crane |
| 3/16/66 | Western Tractor Co. | $1,500.00 | block |
| 3/16/66 | Western Tractor Co. | $100,000.00 | crane |
| 2/14/66 | Holt Construction | $2,000.00 | clamshell buske |
| 3/5/66 | Ohio Valley Const. | $83,333.33 | pontoons |
| 3/25/66 | Ohio Valley Const. | $497.85 | tow boat parts |
| 3/17/66 | Ohio Valley Const. | $5,000.00 | generator |
| 3/17/66 | Ohio Valley Const. | $12,500.00 | turbo diesel engine |
| 3/17/66 | Ohio Valley Const. | $40,396.67 | pontoons |
| 4/12/66 | Rudd Const. Co. | $8,250.00 | truck mixers |
| 8/30/66 | Maryland Shipbuilding | $145,000.00 | crane |

The Department of Revenue held that Newberg was a "retailer" within the meaning of KRS 139.110(1)(c) and that the series of sales made to eleven different purchasers during a twelve-month period were "retail sales," and subject to a sales tax on the gross sale prices. The Kentucky Board of Tax Appeals sustained the Department of Revenue.

Newberg appealed to the Franklin Circuit Court which upheld the Department of Revenue and the Kentucky Board of Tax Appeals.

On appeal to this court, Newberg contends that the series of sales made to eleven purchasers were not "retail" sales by a "retailer" and that they were not subject to sales tax. Newberg also asserts that the sales of the used equipment were occasional sales within the rule of Commonwealth ex rel. Luckett v. Revday, Ky., 432 S.W.2d 819 (1968) and KRS 139.070(1).

A retailer is defined as:

"(c) Every person making more than two (2) retail sales during any twelve (12) month period, including sales made in the capacity of assignee for the benefit of creditors, or receiver or trustee in bankruptcy." KRS 139.110(1)(c).

The imposition of a sales tax is contained in KRS 139.200, which provides as follows:

"For the privilege of making 'retail sales' or 'sales at retail,' a tax is hereby imposed upon retailers at the rate of five per cent (5%) of the gross receipts of any retailer derived from 'retail sales' or 'sales at retail' made within this commonwealth on or after April 1, 1968."[1]

■ There is no ambiguity in either of the statutes quoted. It is not disputed that Newberg sold the used equipment. It is evident that more than two sales were made during a period of seven months. Therefore, Newberg was a retailer within the meaning of KRS 139.110(1).

We hold also that the sales made by Newberg were "retail" sales within the

[1] At the time of the sales in question, the state tax imposed was 3%.

meaning of KRS 139.100(1)(a), which defines "retail sale" or "sale at retail" as:

"(a) 1. A sale for any purpose other than resale in the regular course of business of tangible personal property . . ."

There is nothing in the record to indicate that the purchasers of the used equipment bought any of the items for the purpose of resale.

We find no merit in Newberg's contention that the sales made were occasional sales within the meaning of KRS 139.-070(1)(a), and were exempt from sales tax.

"(1) 'Occasional sale' includes:
(a) A sale of property not held or used by a seller in the course of an activity for which he is required to hold a seller's permit, *provided such sale is not one (1) of a series of sales sufficient in number, scope and character to constitute an activity requiring the holding of a seller's permit.*" (Emphasis added).

Revday involved a single going-out-of-business sale. Since it did not involve a series of sales, this court did not construe the limiting clause of KRS 139.070(1)(a).

■ We hold that the sales of used construction equipment by Newberg were sufficient in number, scope and character to constitute a selling activity requiring the holding of a "seller's permit." Therefore, the sales were not occasional within the meaning of the statute.

The gross receipts of the sales by Newberg are subject to the sales tax.

The judgment is affirmed.

All concur.