**REVENUE CABINET, COMMON-WEALTH of Kentucky, Appellant,**

v.

**CORUM & COMPANY, INC., Appellee.**

Court of Appeals of Kentucky.

Sept. 20, 1985.

Rehearing Denied Nov. 29, 1985.

John A. Miller, Gary N. Brown, Frankfort, for appellant.

Richard M. Trautwein, Lucy Lee Helm, Barnett & Alagia, Louisville, for appellee.

Before COMBS, REYNOLDS and WHITE, JJ.

WHITE, Judge.

This is an appeal from the Hopkins Circuit Court wherein the appellee was held to be exempted from an assessment for sales tax on certain sales made by it as a going-out-of-business transaction. The lower court exempted the sales on the ground that same were not "retail sales" in the "regular course of business" and, therefore, were not subject to any tax assessment.

The facts herein are not disputed. Appellee had conducted a coal mining operation for several years. When in 1976 it decided to cease operations, the corporation began selling off its equipment assets to various purchasers. Eight separate transactions were had between November 1976 and February 1978, five of which were determined to be exempt from sales tax assessment and are not in issue herein (except as they relate to and affect the determination of the question of occasional sale). The remaining three sales of equipment were dated February 1977, March 1977, and August 1977, and totalled $710,000.

The Revenue Cabinet imposed a sales tax assessment against these three sales and sought payment of the tax. The appellee appealed the assessment to the Kentucky Board of Tax Appeals and, upon its ruling in favor of the appellant herein, appealed to the Hopkins Circuit Court. The Circuit Court reversed the Board's Order, holding that sales conducted in the course of "going out of business" were not to be construed as retail sales as covered by the statutes governing sales tax assessments.

The Court below cited *Commonwealth, ex rel. Luckett v. Revday Industries, Inc.*, Ky., 432 S.W.2d 819 (1968), and relied on it as authority. It was the lower court's conclusion that where sales were conducted in a going-out-of-business process, the seller was not engaged in any *regular course of business* of selling equipment and thus there were no "retail sales" as provided in KRS 139.100. We do not agree with this interpretation under either the statutes or the *Revday* case relied upon. The statutes are all very plain, explicit and unambiguous. *Revday* is simply not applicable because it is distinguishable upon the facts.

It was also argued by appellee that the exemption of KRS 139.070, an "occasional sale," attached to this matter for its benefit. We do not agree. Here there were more than two retail sales; in fact there were seven (one of the eight being for resale) such sales. The fact that five of these sales were not subject to sales tax in no wise limits them from being counted as transactions in which the title and possession passed to the buyers. KRS 139.120. As such they cannot comport with the definition of occasional.

The case of *Gust K. Newburg Construction Company v. Commonwealth, ex rel. Ross*, Ky., 516 S.W.2d 846 (1974), is dispositive of this matter and sets forth all adequate reasoning attaching hereto.

The judgment of the Hopkins Circuit Court is reversed and this cause is remanded with directions to reinstate the Order of the Kentucky Board of Tax Appeals and affirm same.

All concur.