LWD EQUIPMENT, INC., and LWD, Inc. Appellants/Cross–Appellees,

v.

REVENUE CABINET, Commonwealth of Kentucky, Appellee/Cross–Appellant.

No. 2002–SC–0329–DG, 2003–SC–0318–DG.

Supreme Court of Kentucky.

June 17, 2004.

C. Christopher Trower, Atlanta, GA, John B. Baughman, Hazelrigg and Cox, Frankfort, Counsel for Appellants.

Thomas J. Hodge, Division of Legal Services, Department of Law, Revenue Cabinet, Frankfort, Counsel for Appellee.

Opinion of the Court by Justice WINTERSHEIMER.

This appeal and cross-appeal are from an opinion of the Court of Appeals which affirmed in part and reversed in part a

decision and order of the Franklin Circuit Court that had reversed an order of the Board of Tax Appeals that had ruled against LWD Equipment, Inc., and LWD, Inc., collectively LWD, unless otherwise noted.

This matter involves a procedural question and a substantive question. The substantive question and principal issue is whether LWD Equipment's regular leasing of equipment to its sister corporations constitutes an "occasional sale" within the meaning of KRS 139.070, in which event LWD Equipment's gross receipts from the transactions are exempt from Kentucky sales tax. The procedural question is whether the Board of Tax Appeals must be made a party to appeals from its own decisions to the circuit court.

LWD Equipment is a wholly owned subsidiary of LWD Holding, Inc., which, in turn, is wholly owned by one individual, Amos H. Shelton, Jr. In addition to LWD Equipment, LWD Holding is the sole owner of several other corporations. The role of LWD Equipment in the corporate structure was to acquire regularly a variety of equipment needed by sister corporations and immediately to lease that equipment to the corporation needing it. There is no conclusive evidence in the record showing that LWD paid sales and use taxes when it purchased the items of equipment, but it certainly did not collect or remit sales tax on the leased transactions, deeming them to be an exempt occasional sale pursuant to KRS 139.070. The Revenue Cabinet refused to characterize these regular and repeated lease transactions as occasional and assessed LWD approximately $174,000 for outstanding sales and use taxes.

In testimony before the Board, the comptroller of LWD stated that the corporation was solely in the business of leasing equipment. He stated that the corporation would buy a large variety of equipment, from industrial to office, and would immediately lease said equipment to approximately a dozen sister corporations, all of which were 100% owned by LWD Holding. He testified that LWD Equipment neither sold tangible personal property nor leased its equipment to outside third parties, and that the leasing activities involving its sister corporations were multiple, continuous and ongoing. LWD admitted that its leasing activities did not meet the criteria of an occasional sale under KRS 139.070(1)(a). However, it claimed exemption under KRS 139.070(1)(b).

The Board of Tax Appeals ruled that the transactions were not an occasional sale, and therefore were subject to the tax. Before the Franklin Circuit Court, the Cabinet moved to dismiss the appeal by LWD because it had failed to name the Board as an indispensable party. The circuit court denied the motion. Ruling on the merits, the circuit court reversed the ruling of the Board and held that the transactions were indeed an occasional sale. The circuit court held that *Dravo Corp. v. Dept. of Revenue,* 1977 Ky. Tax Repts. § 201–464, p. 10,937(July 18, 1977), was dispositive and that the leasing activity of LWD met the requirements of KRS 139.070(1)(b).

On the appeal of the Revenue Cabinet, the Court of Appeals affirmed the circuit court on the procedural issue, but reversed the decision of the circuit court on the substantive issue, holding that the transactions were not an occasional sale, and that the receipts were taxable. This Court accepted discretionary review.

LWD argues that a lease of all of a lessor's equipment to a lessee is a "transfer of all or substantially all" of the lessor's property, and KRS 139.070(1)(b) exempts "multiple" lease transfers provided each transfer meets its requirements. It contends that the exemptions of the sales tax

law applies equally to both leases and sales and that a lease transfer cannot be denied an exemption because it is "continuous" or "ongoing" which are inherent characteristics of the lessor/lessee relationship. LWD claims that the legislative intent must be inferred from the substance of a statutory definition and not from the term or phrase defined by the legislature. It asserts that the reasonableness of the result of a statutory definition must be evaluated against the substance of the definition and not against the dictionary meaning of the term defined.

The Revenue Cabinet responds that LWD Equipment's multiple lease transactions are not an "occasional sale" and thus not exempt from tax. It suggests that LWD Equipment should not have paid sales tax when purchasing the equipment, and that any double taxation is purely the fault of the corporation for failing to properly interpret the Sales and Use Tax Law of Kentucky.

In our consideration of this case, we will first review the substantive question which is of first impression in the Commonwealth. The procedural matter will be dealt with secondarily.

### I. Statutory Construction

■ This case presents an original issue of statutory interpretation and general application. Fundamental to our review are the statutes: KRS 139.070, which defines an "occasional sale"; KRS 139.100, which defines a "retail sale"; and KRS 139.120, which defines a sale to include a lease.

■ We acknowledge that the standard of review is governed by KRS 13B.150(2), which requires that the reviewing court not substitute its judgment for that of the agency regarding questions of fact. Although the courts give great deference to the agency interpretation of regulations and the law underlying the regula-

tions, it is the responsibility of the courts to finally construe the statute. In matters of statutory construction, the court has the ultimate responsibility which cannot be delegated. When the statute to be interpreted is one involving an exemption from taxation, the burden is on the taxpayer to demonstrate that it is entitled to an exemption. Exemptions from taxation are generally disfavored and all doubts are resolved against the exemption. Clearly, the law has always favored equality, uniformity and impartiality in taxation. *See Delta Air Lines v. Commonwealth,* Ky., 689 S.W.2d 14 (1985). Exemptions from taxation must not be presumed or implied, but rather must be clearly stated. *George v. Scent,* Ky., 346 S.W.2d 784 (1961).

KRS 446.080 provides in pertinent part:

(1) All statutes of this state shall be liberally construed with a view to promote their objects and carry out the intent of the legislature, and the rule that statutes in derogation of the common law are to be strictly construed shall not apply to the statutes of this state.

(2) There shall be no difference in the construction of civil, penal and criminal statutes.

.      .      .      .      .

(4) All words and phrases shall be construed according to the common and approved usage of language, but technical words and phrases, and such others as may have acquired a peculiar and appropriate meaning in the law, shall be construed according to such meaning.

The primary statute in question is KRS 139.070, and it provides as follows:

(1) "Occasional sale" includes:

(a) A sale of property not held or used by a seller in the course of an activity

for which he is required to hold a seller's permit, provided such sale is not one (1) of a series of sales sufficient in number, scope, and character to constitute an activity requiring the holding of a seller's permit. In the case of the sale of the entire, or a substantial portion, of the nonretail assets of the seller, the number of previous sales of similar assets shall be disregarded in determining whether or not the current sale or sales shall qualify as an occasional sale.

(b) Any transfer of all or substantially all the property held or used by a person in the course of such an activity when after such transfer the real or ultimate ownership of such property is substantially similar to that which existed before such transfer.

(2) For the purposes of this section, stockholders, bondholders, partners, or other persons holding an interest in a corporation or other entity are regarded as having the "real or ultimate ownership" of the property of such corporation or other entity.

In any question of statutory construction, the principal goal is to implement the intent of the General Assembly. *Wesley v. Board of Educ. of Nicholas County*, Ky., 403 S.W.2d 28 (1966). Considering this statute as a whole, it appears that the General Assembly intended the occasional sale statute to provide a limited exemption from sales and use tax for either a retail seller disposing of nonretail assets or a taxpayer reorganizing its business. The meaning of "occasional sale" was examined in *Commonwealth ex rel Luckett v. Revday Industries, Inc.*, Ky., 432 S.W.2d 819 (1968), wherein the court stated in part as follows:

[I]t is reasonable to consider that the legislature intended only a limited or narrow departure from the standard meaning of the term 'occasional sale,'

rather than a broad departure. Reasonably it cannot be thought that the legislature intended to depart as far as possible from the standard; otherwise why exempt any occasional sale?

We recognize that *Luckett, supra,* deals with a 1(a) occasional sale, and did not implicate 1(b) in any way. However, we find the language used by the court to be instructive.

To adopt the interpretation of the statute proposed by LWD Equipment, Inc., would be to exempt completely from taxation items leased. When the items were purchased to be leased, it could be claimed that the transaction was exempt from sales and use tax as a sale for resale as noted in 103 KAR 28:051 § 1(3). Then it could be claimed that the lease of the items were exempt as an occasional sale using the theory proposed. As a result, both of the transactions, the purchase for resale and the lease, would be exempt. Any business operation could simply set up a holding company to avoid all sales and use taxes on its equipment. Certainly, this was not the intention of the General Assembly in enacting sales and use tax laws.

The circuit court relied on *Dravo, supra,* to reach the conclusion that the transactions were an occasional sale. We disagree.

In *Dravo* the taxpayer sold, in multiple transactions, construction equipment to a joint venture in which the taxpayer owned 40%. The Board found that the taxpayer was not entitled to the occasional sale exemption because the taxpayer had not transferred all or substantially all of its property to the joint venture and ultimate ownership of the property after the transfer was not substantially similar to the ownership before the transfer because the taxpayer owned only 40% of the joint venture. *Dravo* is not applicable because the

Board of Tax Appeals in that case did not consider whether the occasional sale exemption applied to multiple transactions and the taxpayer never engaged in a type of continuous and ongoing business activity present in this case.

## II. Indispensable Party

 The Cabinet argues that the Court of Appeals was in error when it held that the appeal of LWD should not be dismissed for failure to name the Kentucky Board of Tax Appeals as an indispensable party. We disagree.

Upon review of the argument, we find that the circuit court had jurisdiction to hear the appeal. The corporation's petition of appeal to the circuit court named the Board of Tax Appeals twice and included the Board's address to strictly comply with KRS 13B.140(1). The corporation served the Board with a copy of its petition for review. Discussion regarding *Roadway Express, Inc. v. Dept. of Revenue*, Ky., 516 S.W.2d 864 (1974), is unnecessary because that case was statutorily overturned in 1996 with the amendment to KRS 131.370(1). KRS 13B.140(1) governs petitions for appeal from the administrative agency to the circuit court in this matter.

We cannot accept the interpretation by LWD of KRS 139.070(1)(b) so as to apply the occasional sale exemption to the multiple, continuous and ongoing leasing activities in this case. Such an application would be contrary to the intent of the legislature in promulgating an occasional sale exemption. The General Assembly has not redefined "occasional" so as to give it a particular legal meaning that somehow includes transactions that occur frequently and continuously for several years. To do so would make the statute unreasonable and produce an absurd result.

When read as a whole in regard to an occasional sale, KRS 139.070 does not exempt this corporation from sales tax under subsection (b) of that statute. Consequently, it is the decision of this Court that the opinion of the Court of Appeals is affirmed.

All concur.