SWISS OIL CORPORATION *v.* SHANKS, AUDITOR.

ERROR TO THE COURT OF APPEALS OF THE COMMONWEALTH OF KENTUCKY.

No. 148. Argued January 21, 1927.—Decided February 21, 1927.

1. Upon review of a decision of a state court construing the state law as denying the relief sought by the appealing party even if the particular state statute attacked by him were assumed to be invalid, the constitutionality of that statute is not involved in this Court. P. 411.

2. A state tax, called a "license" or "franchise" tax, measured by 1% of the market value of the annual production and imposed, in addition to general *ad valorem* property taxes, on producers of petroleum only, is not in violation of the Equal Protection Clause of the Fourteenth Amendment, even if itself a property tax, since a separate classification of petroleum producers for tax purposes is not palpably arbitrary or unreasonable.  P. 412.
3. The Fourteenth Amendment does not require uniformity in taxation or forbid double taxation.  P. 413.
208 Ky. 64, affirmed.

ERROR to a judgment of the Court of Appeals of Kentucky which reversed a judgment in mandamus commanding Shanks, as Auditor of Public Accounts, to issue a warrant for a refund of taxes to the plaintiff Oil Company.

*Mr. A. Owsley Stanley,* with whom *Messrs. Edward L. McDonald, Edward C. O'Rear, William T. Fowler,* and *William L. Wallace* were on the briefs, for plaintiff in error.

*Mr. Charles F. Creal,* Assistant Attorney General of Kentucky, with whom *Mr. Frank E. Daugherty,* Attorney General of Kentucky, was on the brief, for defendant in error.

MR. JUSTICE STONE delivered the opinion of the Court.

The Swiss Oil Corporation, plaintiff in error, instituted a mandamus proceeding in the Circuit Court of Franklin County, Kentucky, to compel the state auditor, the defendant in error, to issue a warrant for the refund of taxes alleged to have been illegally assessed against it, on the ground among others, that the taxing statute was repugnant to the Constitution of the United States. This is the appropriate procedure, under the state law, for compelling a return to the taxpayer of taxes improperly collected.  § 162, Carroll Ky. Stat. 1922; *Craig, Auditor* v. *Renaker,* 201 Ky. 576,

The trial court gave judgment for plaintiff which was reversed on appeal to the Court of Appeals of Kentucky. 208 Ky. 64. The case comes here on writ of error. Jud. Code, § 237.

Plaintiff is engaged in producing crude oil in Kentucky and delivering it to pipe lines for transportation to points outside of the state. The tax in question was levied for the period from March, 1922 to February, 1924, pursuant to the Act of March 29, 1918, c. 122, Acts 1918, p. 540, which requires those " producing crude petroleum oil " in the state to pay " in lieu of all other taxes on the wells producing said crude petroleum " an annual tax " of one per centum of the market value of all crude petroleum so produced." Section 3 of the Act provides " the tax hereby provided for shall be imposed and attach when the crude petroleum is first transported from the tanks or other receptacles located at the place of production." By other sections those engaged in the business of transporting oil are required to report to the tax officials, the amount of oil transported by them and to pay the tax, and they are authorized to collect the amount of the tax from the producer, either in money or crude petroleum. This Act, as stated in its title, is an amendment and re-enactment of the Act of May 2, 1917, c. 7, Acts 1917, p. 40, which similarly required oil producers to pay in lieu of other taxes a " license " or " franchise " tax for the " right or privilege of engaging in such business," within the state. The producers themselves, under the 1917 Act, were required to pay the tax and to report the amount of the oil produced to the State Tax Commission on the first day of July of that year and at the end of each succeeding three months. The taxpayer was entitled, under the 1917 Act, to notice of the valuation placed by the Commission upon the oil produced and had ten days from the time of receiving notice to go before the Commission and contest the valuation. He was privileged to

introduce evidence and the Commission was authorized, after a hearing, to change the value set for taxation purposes upon the oil produced.

This Act, as amended, was construed by the Kentucky Court of Appeals, in an earlier decision, *Raydure* v. *Board of Supervisors,* 183 Ky. 84. It there held that the legislature had no power under §§ 171 and 172 of the state constitution to substitute the production tax authorized by the Act of 1917 as amended by the Act of 1918 for the *ad valorem* method of taxing oil producing property required by the constitution, nor to exempt such property from *ad valorem* taxation. Following this decision, the wells and oil producing property of plaintiff and others have been subjected to state, county and local *ad valorem* taxes in addition to the production tax imposed upon plaintiff.

Plaintiff in the state court drew in question the validity of the Act of 1918 as thus construed under the Kentucky constitution. It contended that if construed as imposing a license tax, the statute was unconstitutional in attempting to substitute an occupation for the *ad valorem* tax required by § 172 of the state constitution. The main contention however was that the tax in substance was a property and not a license tax and hence invalid under § 171 of the state constitution requiring uniform taxation, since oil properties were subject to two property taxes whereas other classes of property were subject to but one. These contentions translated into terms of the Federal Constitution were urged below and renewed here.

It is argued (a) that the Act of 1918 as construed and administered by the state authorities imposes double taxation upon the plaintiff not put on other classes of property, thus denying the equal protection of the laws guaranteed by the Fourteenth Amendment; (b) that it authorizes a tax upon interstate shipments, thus interfering with interstate commerce in violation of Art. I,

§ 8 of the Federal Constitution; (c) that the tax is assessed and collected without notice and without opportunity to the taxpayer to be heard, in violation of the due process clause of the Fourteenth Amendment.

The court below upheld the tax as a license or production tax valid under the laws and constitution of Kentucky, notwithstanding the imposition of a separate *ad valorem* tax upon the oil producing lands or leases. It disposed of the objections to the tax under the Federal Constitution, saying:

" Each of these criticisms is leveled at, and can affect only, the amendment of 1918, and there is, and could be, no criticism of the title of the original act passed in 1917, or any claim that it imposed any burden upon interstate commerce, or that it did not afford the taxpayer ample opportunity to be heard before the tax attached.

" The original act imposes, just as does the amendment, a graduated occupational tax, measured by the amount of business done by each and every oil producer in the state. The amendment is simply a re-enactment of the original act, with the latter's administrative features so changed as to make the collection of the tax both more certain and less burdensome upon the taxpayer and the assessing and collecting officials. If any or all of the above contentions are sound, the amendment would be destroyed, but this would leave the original act in force, and unamended. Precisely the same tax would have been collected from oil producers in either event."

The court also pointed out that as this is a proceeding by a taxpayer for a refund of taxes under a statute which permits the refund only if the taxes paid were not due, there could in any event be no recovery by the plaintiff since the tax, if not due under the Act of 1918, was due and payable under the Act of 1917.

As the case is brought here from a state court, the construction put by the court below upon the statutes

and constitution of its own state is not open to review here. *Southwestern Oil Co.* v. *Texas,* 217 U. S. 114, 119; *Brown-Forman Co.* v. *Kentucky,* 217 U. S. 563, 569. Since the Kentucky Court of Appeals has held that the plaintiff is not entitled under the state law to the relief prayed even if the Act of 1918 be deemed invalid, no question as to the validity of that act under the Federal Constitution is presented for decision on this record.

But plaintiff argues that this determination of the state court presupposes the validity under the Federal Constitution of the Act of 1917, which has the same vice as the later act. It is contended, as it was of the Act of 1918, that the one per cent. production tax imposed is in effect a property tax. Since the constitution of Kentucky as construed in *Raydure* v. *Board of Supervisors, supra,* does not admit of the substitution of a production tax for an *ad valorem* tax and requires the latter to be levied in addition to the production tax, there is therefore double taxation not imposed on other classes of property and hence a denial of the equal protection of the laws guaranteed by the Fourteenth Amendment.

We are unable to distinguish the Act of 1917 in its constitutional aspects from the statute of Kentucky imposing a license tax at the rate of one and one-fourth cents per gallon upon those engaged in the business or occupation of rectifying or blending spirits, considered by this Court in *Brown-Forman Co.* v. *Kentucky, supra.* There he tax imposed was assailed on the ground that it was a property tax not assessed upon similar classes of property whether produced within or without the state, and that its imposition resulted in a denial of the equal protect on of the laws. But this Court, accepting the state court's interpretation of the tax as a license tax, upheld the statute as based upon a classification which was neither arbitrary nor unreasonable, saying that the reasonableness of the classification was the ultimate ques-

tion to be determined whether the tax be regarded as a license or a property tax (p. 571). See also *Southwestern Oil Co.* v. *Texas, supra,* where an occupation tax upon wholesale dealers in coal and other mineral oils was upheld despite the fact that wholesale dealers in other commodities were not similarly taxed.

Without a labored analysis of the nature of the taxing measure, we see no reason for not accepting the interpretation of the state court that this statute authorizes a license tax to which there can be no serious constitutional objection. *Texas Co.* v. *Brown,* 258 U. S. 466, 481; *Bowman* v. *Continental Oil Co.,* 256 U. S. 642, 649; cf. *Watson* v. *State Comptroller,* 254 U. S. 122. But even if regarded as a property tax, it is imposed alike upon all crude oil produced within the state and there is nothing in the record to suggest that the classification is so palpably arbitrary or unreasonable as to render it invalid. Unlike the state constitution, *Dawson* v. *Kentucky Distilleries Co.,* 255 U. S. 288; *Greene* v. *Louisville & Interurban R. R.,* 244 U. S. 499, the Fourteenth Amendment does not require uniformity of taxation, *Davidson* v. *New Orleans,* 96 U. S. 97, 105, nor forbid double taxation. *St. Louis, S. W. Ry.* v. *Arkansas,* 235 U. S. 350, 367, 368; *Shaffer* v. *Carter,* 252 U. S. 37, 58; *Fort Smith Lumber Co.* v. *Arkansas,* 251 U. S. 532, 533; cf. *Fidelity & Columbia Trust Co.* v. *Louisville,* 245 U. S. 54, 58; *Cream of Wheat Co.* v. *Grand Forks Co.,* 253 U. S. 325; *Citizens National Bank* v. *Durr,* 257 U. S. 99, 109. It is sufficient, as stated, that there be some adequate or reasonable basis for the classification. *Kidd* v. *Alabama,* 188 U. S. 730, 733; *Watson* v. *State Comptroller, supra,* 124, 125; *Maxwell* v. *Bugbee,* 250 U. S. 525, 540; *Northwestern Life Ins. Co.* v. *Wisconsin,* 247 U. S. 132, 139; *Coulter* v. *Louisville & Nashville R. R.,* 196 U. S. 599, 608, 609. The particular classification adopted " is not open to objection unless it precludes the assumption that [it] was

made in the exercise of legislative judgment and discretion." *Stebbins* v. *Riley,* 268 U. S. 137, 143.

*Judgment affirmed.*