COMMONWEALTH of Kentucky, DEPART-
MENT OF REVENUE, Petitioner,

v.

Hon. Lyndon R. SCHMID, Judge, Jefferson
Circuit Court, Respondent.

Court of Appeals of Kentucky.

June 17, 1966.

John R. Livingston, Ky. Dept. of Revenue, Robert Matthews, Atty. Gen., Frankfort, for petitioner.

CULLEN, Commissioner.

The Commonwealth of Kentucky, Department of Revenue, seeks an order prohibiting the respondent circuit judge from entertaining a certain appeal from an order of the Kentucky ·Board of Tax Appeals. The ground asserted for this is that the circuit court has no jurisdiction of the appeal because the Department of Revenue, an indispensable party, was not named as a party to the appeal.

The Department of Revenue made a sales and use tax assessment in the amount of $2,617.17 against Industrial Oxygen Company. The latter appealed to the Board of Tax Appeals, naming the department as appellee. The board upheld the assessment. The company then appealed to the Jefferson Circuit Court, naming as appellees the Board of Tax Appeals and the Attorney General, but not the department. The department maintains in the proceeding here before us that by reason of the failure to name it as a party the circuit court is without jurisdiction.

In the light of the holdings in such cases as Monticello Electric Plant Board v. Board of Education of Wayne County, Ky., 310 S.W.2d 372, Boyd & Usher Transport v. Southern Tank Lines, Inc., Ky., 320 S.W.2d 120, and George v. Kentucky Alcoholic Beverage Control Board, Ky., 403 S.W.2d 24 (decided May 20, 1966), we think the department is an indispensable party to the appeal proceedings in the circuit court and should have been named as a party. However, for reasons presently to be stated, we are of the opinion that the failure to name the department as a party should not be considered fatal to the appeal in this particular case, and we do not reach the

question of whether a failure of joinder of an indispensable party ordinarily would deprive the trial court of "jurisdiction" in the sense that prohibition would issue from this court without regard to reparability of damages and adequacy of remedy by appeal.

The statute establishing the Board of Tax Appeals, KRS 131.310 to 131.370, is of recent origin (1964) and practice under it is new. It contains some ambiguities such as well might induce confusion to the practitioner. For example, KRS 131.370, dealing with appeals from the board to the circuit court, says nothing about who shall be named as parties. It states that summons on the petition shall issue directing "the adverse party" to file answer. In another place it provides that a copy of the petition shall be filed "with the *board* and all *other* parties against whom the appeal is prosecuted" (our emphasis). This indicates that the board itself is to be named as a party. Contributing to the confusion is the provision of KRS 131.340 that "Any party, including the Attorney General, on behalf of the Commonwealth," may appeal to the board. This well might lead someone to conclude that the Attorney General stands for the agency whose ruling or order is on appeal. This apparently is what the appellant in the circuit court had in mind when it named the Attorney General as a party, for no other plausible reason is apparent for so naming him.

Taking a liberal view in light of the newness of the statute and its ambiguities, it may be considered that the appellant in the circuit court, by naming the Attorney General as a party, was in effect making the state government, including any of its involved agencies such as the Department of Revenue, a party to the appeal. Under this view the department would actually be included as a party although not individually named. We think that this is not really what the statute intended, and in the future it will be construed as requiring the naming of the particular department or agency whose order or ruling is in issue. However, no violence is done by the relaxed construction in the instant case because the Department of Revenue has been fully aware of the proceedings in circuit court at all times and it has not suffered and will not suffer any detriment from not formally having been made a party.

The petition is denied.