**DEPARTMENT OF REVENUE, Appellant,**

v.

**M. B. BEDERMAN and Kentucky Board of Tax Appeals, Appellee.**

Court of Appeals of Kentucky.

Nov. 23, 1966.

Robert Matthews, Atty. Gen., William S. Riley, Cyril E. Shadowen, Dept. of Revenue, Frankfort, for appellant.

William P. Curlin, Jr., Hazelrigg & Cox, Frankfort, Jack T. Page, Kentucky Board of Tax Appeals, Pikeville, for appellee.

WADDILL, Commissioner.

The Kentucky Department of Revenue (hereinafter referred to as department) has asked this court to review an order of the Franklin Circuit Court dismissing its attempted appeal from an order of the Kentucky Board of Tax Appeals (hereinafter called board). The order of dismissal was predicated in part on the fact that the board was not made a party to the appeal. The governing rule, in an administrative proceeding where the right of appeal is conferred by statute, is that strict compliance with its provisions is required. Roberts v. Watts, Ky., 258 S.W. 2d 513.

The department contends the statute does not require the board be made a party. We cannot agree. KRS 131.370 (1) directs that a copy of the petition shall be filed "with the board and all *other parties* against whom the appeal is prosecuted" and subsection (2) (stripped of its qualifying phrases) directs that summons shall issue to the adverse party and to the board. These provisions, we have said, indicate the board is to be named as a party to the appeal. Commonwealth, Department of Revenue v. Schmid, Ky., 404 S.W.2d 458. Moreover, if the board is not made a party to the appeal no summons could be issued to the board as required by the statute.

Under the facts presented in Commonwealth v. Schmid, supra, we were willing to accept the Attorney General as a party to the appeal in lieu of the department. However, in the instant case there is no justification for relaxing the strict requirements of this statute. The determination of other questions raised is reserved as being unnecessary to the proper disposition of this appeal.

The judgment is affirmed.