**SALMON CORP. d/b/a Mereworth Farm, Appellant,**

v.

**KENTUCKY BOARD OF TAX APPEALS et al., Appellees.**

Court of Appeals of Kentucky.

March 29, 1968.

Frank F. Wilson, II, Gess, Mattingly, Saunier & Atchison, Lexington, for appellant.

Robert Matthews, Atty. Gen., John R. Livingston, Dept. of Revenue, Frankfort, for appellees.

MILLIKEN, Judge.

This appeal is from a judgment of the Woodford Circuit Court which dismissed the complaint of the Salmon Corporation on an appeal from a decision of the Kentucky Board of Tax Appeals.

The judgment was entered on the motion of the appellee, Department of Revenue, to dismiss the complaint for failure to join the Tax Commissioner of Woodford County, the Woodford County Fiscal Court, and the Superintendent of Schools of Woodford County as parties defendant, on the ground that they were indispensable parties to the action in the Woodford Circuit Court. Appellant named only the Kentucky Board of Tax Appeals and the Department of Revenue in appealing the decision of the Board.

The appeal to the circuit court was from a determination of the Board of Tax Appeals with respect to the ad valorem assessment of the real property of the Corporation by the Woodford County authorities for 1966 tax purposes.

In early 1966, the Salmon Corporation listed the real property it owned in Woodford County with the County Tax Commissioner and gave the total valuation as $453,470.00. The Commissioner responded in April of 1966 with a notice that the assessment of appellant's property for the

year 1966 would be $731,800.00. This understandably provoked an appeal by the Corporation to the Woodford County Board of Tax Supervisors, who determined that the Commissioner's assessment was, in fact, too low and should be increased by $182,175.00.

Undaunted, the Corporation appealed the assessment (which had by now grown from $453,470.00 to $913,975.00) to the Kentucky Board of Tax Appeals, and named as appellees: the Tax Commissioner of Woodford County; the Woodford County Fiscal Court, as agent for Woodford County; the Superintendent of Schools of Woodford County; the Woodford County Board of Tax Supervisors, and the Department of Revenue. A hearing was held in August of 1966 and an order came down October 6 which affirmed the assessment of the Woodford County authorities. The appeal to the Woodford Circuit Court followed.

As mentioned above, the complaint filed in the circuit court named the Kentucky Board of Tax Appeals and the Department of Revenue as appellees. The Department moved to dismiss the complaint for failure to join, as indispensable parties appellee, the Tax Commissioner of Woodford County, the Woodford County Fiscal Court as agent for Woodford County, and the Superintendent of Schools of Woodford County. The motion was heard by the judge on November 28, 1966, and was sustained. At the court hearing, the Corporation moved orally that, if the court should determine that the parties named in the motion were indispensable or necessary parties, that it be given leave to amend its complaint to join such parties. This was denied, apparently because the statute under which the complaint was filed—KRS 131.370—allows an appeal within thirty days from the date of an order or determination of the Board and the thirty-day period had expired.

The procedural difficulty here is caused by KRS 131.370 which fails to provide any concrete guidance on the problem of who the indispensable parties to an appeal from a decision of the Board should be. Paragraph (1) of the statute comes the closest to saying anything on the subject.

"(1) Any party aggrieved by any final order, decision, or determination of the Kentucky Board of Tax Appeals, except on appeals from a county board of supervisors, may within thirty days after such order, decision, or determination becomes final file a petition of appeal on any question of law to the Franklin Circuit Court or to the circuit court of the county in which the party aggrieved resides or conducts his place of business. Any such final orders entered on the rulings of a county board of supervisors may be appealed in like manner to the circuit court of the county in which the appeal originated. A copy of the petition of appeal shall be filed with the board and all other parties against whom the appeal is prosecuted." (1964 c. 141, § 12, Eff. 7–1–64)

Only two cases have heretofore been decided which directly pertain to KRS 131.-370: Department of Revenue v. Bederman, Ky., 408 S.W.2d 613 (1966), and Com., Department of Revenue v. Schmid, Ky., 404 S.W.2d 458 (1966).

In Schmid the Department of Revenue sought an order prohibiting Judge Schmid of the Jefferson Circuit Court from hearing an appeal from an order of the Kentucky Board of Tax Appeals. The Department argued that the circuit court had no jurisdiction of the appeal because the Department, an indispensable party, was not named as a party to the appeal. In appealing to the Board, the taxpayer had named the Department as appellee, but in the appeal to the circuit court, after the adverse ruling by the Board, only the Board and the Attorney General were named as appellees and the Department was not mentioned. We held that the Department was an indispensable party, but that no harm had been done because the Department was aware of the proceedings all the while and

"will not suffer any detriment from not formally having been made a party." Factors which caused the court to take a liberal view in this case were said to be the newness of the statute and its ambiguousness, but the court pointed out that in the future the statute "will be construed as requiring the naming of the particular department or agency whose order or ruling is in issue."

In the later Bederman case, the Department of Revenue sought to appeal to the Franklin Circuit Court from an order of the Kentucky Board of Tax Appeals, and that court dismissed the appeal primarily because the Board was not made a party to the appeal and we affirmed that ruling, saying:

> "The governing rule, in an administrative proceeding where the right of appeal is conferred by statute, is that strict compliance with its provisions is required. Roberts v. Watts, Ky., 258 S. W.2d 513.

> "The department contends the statute does not require the board be made a party. We cannot agree. KRS 131.-370(1) directs that a copy of the petition shall be filed 'with the board and all other parties against whom the appeal is prosecuted' * * *."

The Department and the Board argue that the language "and all other parties against whom the appeal is prosecuted" includes the Woodford County Tax Commissioner, etc., and makes mandatory their inclusion as parties in the case at bar.

The Corporation uses the Schmid case to support the contention that the statute is vague and ambiguous, offers little guidance on the issue before the court, and thus should be liberally construed. To further support its argument, the Corporation asserts that no parties other than the Board and the Department of Revenue were ever really needed anyway; it contends that the Revenue Department sufficiently represent the interests of the people of Woodford County because of its primary position in matters involving taxation, and that adding the Woodford County authorities, who are really Revenue's agents, would be, in effect, superfluous.

The State (the Department of Revenue and the Board of Tax Appeals), of course takes another view of all this and attacks the Corporation's position with a dissertation on the virtues of the indispensable party doctrine. In short, the State's argument is that Woodford County authorities have a substantive right to be a party to a proceeding such as the one at bar since the whole matter involves local revenue and is of great importance to the interests of Woodford County almost exclusively. It is pointed out that the powers of the Department of Revenue in this tax area are largely supervisory and no principal-agent relationship exists between the Department and the Woodford County tax authorities. However, this court decided in Jefferson County Fiscal Court v. Tragor, 302 Ky. 361, 194 S.W.2d 851 (1946) that a county tax assessor "* * * whose duties must be performed under the direct supervision and regulation of a centralized administrative department of the state * * * is a divisional official of the department itself, and, consequently, a state officer. The mere fact that his work inures to the benefit of a municipality does not change the character of his office."

Many cases are cited by the State to support its position on indispensable parties, but the following quote from Clay's Kentucky Practice, CR 19.01, comment 2, page 317, seems to help as much as anything:

> "* * * Indispensable parties are those so necessary in the action that in their absence there can be no proper final adjudication of the controversy."

We conclude that the interests of the Woodford County tax authorities are merged, so to speak, in the rulings of the Department of Revenue and the Board of

Tax Appeals, and that the latter two agencies of government are the only indispensable defendants to this action.

The judgment is reversed.

All concur.