**ROADWAY EXPRESS, INC., Appellant,**

v.

**DEPARTMENT OF REVENUE OF KENTUCKY, Appellee.**

Court of Appeals of Kentucky.

Dec. 6, 1974.

Robert Matthews, Greenebaum, Doll, Matthews & Boone, Louisville, Harry V. McChesney, Jr., Frankfort, for appellant.

William S. Riley, Asst. Atty. Gen., William P. Sturm, Dept. of Revenue, Frankfort, for appellee.

CULLEN, Commissioner.

Construing KRS 131.370 as it existed prior to a 1968 amendment, this court in Commonwealth v. Schmid, Ky., 404 S.W.2d 458, found indications for a holding, and in Department of Revenue v. Bederman, Ky., 408 S.W.2d 613, and in Salmon Corporation v. Kentucky Board of Tax Appeals, Ky., 426 S.W.2d 473, specifically held, that on an appeal to the circuit court from a decision of the Kentucky Board of Tax Appeals, the board is an indispensable party. In the instant case, Roadway Express, Inc., took an appeal to the Franklin Circuit Court, in April 1974, from an adverse decision of the Board of Tax Appeals, without making the board a party. Believing the cases above cited to be controlling, the circuit court entered judgment dismissing the appeal. Appealing to this court from that judgment, Roadway Express contends that since the 1968 amendment to KRS 131.370 the board no longer is required to be made a party. We agree.

The 1968 amendment added this sentence to the statute:

"All parties to the proceedings before the Board of Tax Appeals shall be made parties to the proceedings on appeal."

It is our opinion that the reasonable intendment of the amendment was to limit the indispensable parties to those who were parties to the proceedings *before* the board, thus excluding the board itself as an indispensable party. This was a sensible legislative change because the board performs only a quasi-judicial function and not a regulatory one; there was no useful purpose served by the requirement found to exist in the former version of the statute, that the board be made a party to an appeal from its decision.

The judgment is reversed with directions to reinstate the appeal to the circuit court.

All concur except PALMORE, J., who did not sit.