BOARD OF EDUCATION OF
FAYETTE COUNTY,
Kentucky, Appellant,

v.

Lones TAULBEE, Sheriff, Fayette County, Walter G. Land, Annie W. Brakefield, Richard Featherston, David Biddle, Allen Gibson Carr, Thomas V. Lynch, the Board of Education of Fayette County, Kentucky and the Lexington-Fayette Urban County Government, Appellees.

DEPARTMENT OF
REVENUE, Appellant,

v.

Lones TAULBEE, Walter G. Land, Annie W. Brakefield, Richard Featherston, David Biddle, Allen Gibson Carr and Thomas V. Lynch, Appellees.

DEPARTMENT OF REVENUE OF the
COMMONWEALTH OF
KENTUCKY, Appellant,

v.

Lones TAULBEE, Sheriff of Fayette County; Walter Land; Annie W. Brakefield; Richard Featherston; David Biddle; Allen Gibson Carr; Thomas V. Lynch; Department of Revenue of the Commonwealth of Kentucky and Lexington-Fayette Urban County Government, Appellees.

Supreme Court of Kentucky.

Feb. 27, 1986.

Rehearing Denied May 1, 1986.

William E. Sloan, Lexington, for appellant, Bd. of Educ.

Ross T. Carter, Nathan Goldman, Frankfort, for appellant, Dept. of Revenue.

J.B. Murphy, Lexington, for appellee, Lones Taulbee.

Chris Westover, Lexington, for appellee, Lexington-Fayette Urban Co. Govt.

Charles R. Hembree, Kathleen Harris, Lexington, for appellees, Land, Brakefield, Featherston, Biddle, Carr and Lynch.

WINTERSHEIMER, Justice.

This appeal is from a judgment of the circuit court which dismissed the Board of Education's complaint seeking a permanent injunction to restrain the sheriff from refunding to a class of taxpayers a portion of their 1981 school taxes from current school taxes in his possession. The Department of Revenue also appeals from a rule ordering these refunds.

The principal issue involves the question of whether a class of people in Fayette County are entitled to refunds and the method they must utilize to obtain any such refunds.

In 1981, a group of individuals challenged the constitutionality of the 1981 assessments on agricultural land in Fayette County. In 1984, this Court affirmed the circuit court's judgment that the 1981 assessments were unconstitutional and determined that the circuit court's substitution of the 1980 assessments in place of the 1981 assessments was proper. The Board of Education was not a party to that suit.

In November, 1984, plaintiffs in the first suit sought to enforce the circuit court's judgment but the order to enforce was stayed by this appeal. The Board of Education filed a separate action in circuit court seeking a permanent injunction to restrain the sheriff. The plaintiffs in the original suit sought a rule against the sheriff for failure to make refunds. The rule was granted by the circuit court, and the Department of Revenue appealed to the Court of Appeals. On April 18, 1985, the circuit court issued an opinion and judgment in the Board of Education action which also required the Sheriff to make the refunds requested. The decision of the circuit court was appealed to the Court of Appeals and the cases are now before this Court upon transfer and are being heard together.

This Court reverses the judgment of the circuit court because the property owners are not entitled to refunds automatically of the 1981 property taxes. Application pursuant to KRS 134.590(6) must be made in order to obtain a refund.

*Dolan v. Land,* Ky., 667 S.W.2d 684 (1984), determined that the 1981 *assessment* of agricultural/horticultural property in Fayette County was unconstitutional.

This Court held in *Dolan v. Land,* supra, that the methods used by the Fayette County Property Valuation Administrator were in violation of Sections 171, 172 and 172(a) of the Kentucky Constitution. The 1984 opinion of this Court is principally concerned with the method of assessment of farm property. This Court did not consider whether a class action is permissible for a refund of ad valorem taxes held unconstitutionally assessed or whether the judgment of the trial court in 1981 is entitled to be enforced on behalf of a class of persons.

This Court recognizes the fundamental legal principle that the recovery of taxes voluntarily paid is a matter authorized by statute. Where a statute provides for a procedure to seek refunds, it is mandatory that a refund can be given only upon proper application. *See* 72 Am.Jur.2d, *State and Local Taxation,* § 1074; *Department of Conservation v. Co-De Coal Company,* Ky., 388 S.W.2d 614 (1964). This Court has specifically held that a class action relief is not available for the refund of taxes. *Swiss Oil Corp. v. Shanks,* 208 Ky. 64, 270 S.W. 478 (1925), cert. den. 273 U.S. 407, 47 S.Ct. 393, 71 L.Ed. 709.

Kentucky has specific statutory requirements for refunds set out in KRS 134.590. The first section of that statute permits refunds by the Department of Revenue to be made for taxes of any kind paid under a statute held unconstitutional. Here only the method of assessment was held unconstitutional. However, KRS 134.590(3) provides that a local taxing district may make refunds where the amount of tax paid was in excess of the amount finally determined to be due.

It appears clear that the legislature made a distinction between state and local taxing districts. Only the local taxing districts have authority to refund both overpayment of ad valorem and unconstitutional taxes. The state will only refund unconstitutional taxes or taxes paid when no tax is due.

KRS 134.590(1) applies to taxes paid under a statute held unconstitutional. Obviously, the only way a statute can be held unconstitutional is when a court makes such a decision. The filing of a lawsuit does not automatically entitle a plaintiff to a refund without further action. KRS 134.-590(6) covers this situation as to local tax districts when it permits an application for refund to be made within two years from the date the amount due is finally determined.

When the assessment is found to be unconstitutional, the amount due cannot be determined finally until the case is concluded. Any amount due is based on the correct assessment. This original lawsuit challenged the validity of the assessment so the aggrieved taxpayers have two years from the date the amount due is determined by finality endorsement by a court of competent jurisdiction. KRS 134.590(6). This statute provides sufficient time to give taxpayers the opportunity to seek an appropriate refund.

The original litigation over the constitutionality of the assessment in itself does not automatically authorize a refund. KRS 134.590(6) is not self-executing. Application for refund must be made individually.

There cannot be any refunds given to the six plaintiffs or to any members of the class automatically. Where a tax is paid without protest, there is nothing to put the collector or the local taxing authority on notice that the tax is illegal or not otherwise due. No one paid under protest nor has anyone made an application as required by statute.

The three taxing districts, the Department of Revenue, the Board of Education, and the Urban County Government, are distinct governmental and taxing entities. For the purpose of assessment, they rely on the property valuation administrator; for the purpose of collection, they rely on the sheriff. KRS 134.590(1) holds that the Department of Revenue shall refund the money and not the sheriff. Sections 3, 4, 5 and 6 apply to the refund of all other taxing districts. Subsection 5 provides that upon proper authorization the sheriff shall refund taxes from current collections. If there are no such funds, the refund shall be made by the appropriate finance officer of the local taxing district. It is the money of the taxing district that is to be refunded and not that of the sheriff.

Statutory authority is necessary for a refund or for recovery of wrongful taxes voluntarily paid. The aggrieved taxpayer must exercise that right in the manner provided by statute. A tax refund is a matter limited by statutory authority. In the absence of fraud, the courts can give relief against erroneous judgments of tax-assessing bodies only in the manner and under the conditions prescribed by statute.

Any judgment or application for refund cannot be enforced directly against the Board of Education of Fayette County because the Board was a necessary party in the original action in *Dolan v. Land, supra.* The Board of Education was not named as a party and it had no opportunity to assert a defense or state its position on the rights of the members of a class to seek a revision in assessments or a refund of school taxes for the period covered.

Civil Rule 19.01 provides that a person shall be joined as a party if in his absence complete relief cannot be accorded among all those already parties. The taxes ultimately to be collected by the Board of Education are a very substantial amount of the total taxes under challenge. Civil Rule 19 makes the Board of Education a necessary party to the suit and therefore the alleged judgment cannot be enforced against the Board.

*Salmon Corporation v. Kentucky Board of Tax Appeals,* 426 S.W.2d 473 (1968), is not convincing authority so as to hold the Board of Education in the suit

which claims a refund of taxes. *Salmon, supra,* relates to indispensable defendants in connection with an appeal from a ruling of the Board of Tax Appeals involving the assessment of property. Although the Department of Revenue has an interest in the assessment function of the PVA, it has no responsibility for tax refunds of local taxing units. The Department of Revenue did not sufficiently represent the interest of the Board of Education so that the Board did not have to be a necessary party in the original suit. The Board was a necessary party in the original suit as to any refunds.

KRS 134.590 provides that refunds shall be authorized by an official of the Board of Education upon proper authorization. There is a significant difference between a legal action regarding the proper assessment of property as contemplated by *Salmon* and a lawsuit in which a taxpayer seeks a refund of school taxes. In the former case, a Board of Education may not be a proper party, but in the latter, the Board of Education is necessary. The failure to join the Board of Education as a party defendant in the original action totally defeats the ability of the Board to contest the refund of school taxes and the failure to join the Board as a party makes the judgment of the trial court unenforceable against the Board of Education for purposes of refund.

█ A trial court which purports to render a class action judgment cannot predetermine whether the judgment is res judicata. A fundamental principle of the class action procedure is that the court which enters a judgment on the class action litigation may not predetermine whether its judgment is to be considered res judicata so as to bind persons who are not parties to the action. The court considering a class action suit cannot know whether a judgment it enters will be effective on all future questions which may arise. Such questions can only be determined by subsequent litigation wherein it is asserted that the class action judgment is res judicata to a person who was not a party in the first action.

We must disagree with the trial court's opinion that indicates that the Board of Education is attempting to collaterally attack the binding effect of the judgment relative to assessments. This Court in its *Dolan* opinion did not consider whether the action was properly practiced as a class action and no other court has examined the record on this question.

Civil Rule 23.01(3) does not disturb the recognized principle that the court conducting the class action cannot predetermine the res judicata effect of the judgment which can be tested only in a subsequent action. *See* 32A Am.Jur.2d, *Federal Practice & Procedure,* § 2056, in regard to a discussion of Federal Rule 23(c)(c), which is the same as the Kentucky rule. There has been no separate action in this matter seeking an adjudication as to whether the judgment in the first case is res judicata.

The Board of Education was never properly a party in the original lawsuit challenging the assessments. Litigation cannot toll the statute as against a party who was not in the original action. Refunds can only be obtained from the Department of Revenue assessment of the tax liability.

The judgment of the circuit court is reversed.

GANT, VANCE, STEPHENSON and WINTERSHEIMER, JJ., concur.

LEIBSON, J., dissents by separate opinion.

STEPHENS, C.J., and AKER, J., join in his dissent.

LEIBSON, Justice, dissenting.

Respectfully, I dissent.

This decision is in conflict with axioms so basic as to mortify at the need for elaboration.

The judgment of the trial court in *Dolan v. Land* was entered October 27, 1982. It was affirmed on appeal in pertinent part by our decision finally entered May 10, 1984, found in 667 S.W.2d 684. It is the law of the case.

Paragraph 6 of the final judgment of the trial court from which the appeal was taken in *Dolan v. Land, supra,* states:

"6. That the plaintiffs recover from the defendant, Lones Taulbee, Sheriff, Fayette County, such part of the taxes paid to him in such capacity for the taxable year 1981 based upon said void assessments that are in excess of the taxes that would be due and owing based upon the assessed value of said property for the taxable year 1980."

It should be beyond debate that this paragraph establishes the right to a refund. Thereafter, the appeal only challenged the trial court's decision on whether the method of assessment employed by the PVA was unconstitutional (which was affirmed), but it did not challenge the trial court's decision and judgment that the plaintiffs are entitled to a refund.

Further, the Brief for the Appellant, Board of Education of Fayette County, Kentucky, in the present case *concedes* that the "appellant does not contest the refund" of the 1981 school taxes paid by the six "individual appellees" who "were actually parties in the 1981 case." Despite this concession, the majority opinion denies these six, along with the remainder of the class, the right their opponent has conceded.

As to the remainder of the class, the affected landowners were certified as a class, and here once again no appeal was taken from the trial court's decision. Thus in 1982 the class was certified and in that earlier case the remedy provided in the judgment was applied to all members of the class. Whatever happened to the estoppel by judgment rule? Where has the previous judgment disappeared? Who won and who lost in the previous case?

This case is governed by principles recognized in *Salmon Corp. v. Ky. Board of Tax Appeals,* Ky., 426 S.W.2d 473 (1968). In *Salmon Corp.,* the issue was whether the Superintendent of Schools of Woodford County was an indispensable party to a court suit challenging the validity of the taxpayer's ad valorem assessment. We held, in pertinent part:

"We conclude that the interests of the Woodford County tax authorities are merged, so to speak, in the rulings of the Department of Revenue and the Board of Tax Appeals, and that the latter two agencies of government are the only indispensable defendants to this action." *Id.* at 475–6.

In like manner, the interests of the School Board in *Dolan v. Land* were so merged with the interests of the Department of Revenue and the Fayette County Property Valuation Administer, Sheriff and Clerk, that joinder was not required. The PVA and the Department of Revenue had the same interests as the School Board in seeing that the method employed by the PVA was upheld as constitutional. The Sheriff and Clerk were agents for collection, performing their duties for the benefit of the School Board. The interests of these parties were identical and the School Board's interests were protected in that case as provided by law. The School Board has *yet to suggest* any legal reason why it should not be bound by the original judgment as affirmed in *Dolan v. Land.* Its claim that it would have defended its interests better or differently than the PVA, the Commonwealth's Department of Revenue, or the Sheriff of Fayette County, who were collectively charged with representing the Board of Education's interests by the duties of their office, is at best groundless speculation, unsupported by the record. Those parties defendant in the prior action were the agents of the Board of Education in any reasonable sense of the word. By our holding in the present case we simply go behind the judgment in *Dolan v. Land* and overturn it. The majority opinion states that *Salmon Corp. v. Ky. Board of Tax Appeals* is "not convincing authority so as to hold the Board of Education in the suit which claims a refund of taxes." Pp. 829–30. It makes one wonder what authority it would take to be convincing. This hardly suffices to dispose of the precedent. Principles of law enunciated in one case should serve as precedent for the next

unless we can point to a substantial difference or a reason for overruling them. We have done neither.

I agree with the majority opinion that neither the named or unnamed plaintiffs in the previous action qualify for an "automatic" refund. Giving effect to the previous judgment does not go so far as to qualify unnamed members of a class for an automatic refund. Even though they may be entitled to the benefits of a class action judgment, each must prove individual entitlement as a member of the class. This is what is meant, and *all* that is meant, by "the recognized principle that the court conducting the class action cannot predetermine the res judicata effect of the judgment which [remains to be] tested only in a subsequent action." See p. 830.

Further, I recognize that KRS 134.590, "Refund of ad valorem taxes or taxes held unconstitutional," is the method by which each individual plaintiff in the previous action, named or unnamed, must seek a refund. But there is no guidance from the statute or regulation as to what constitutes an "application." By filing the *Dolan v. Land* case, the appellees obviously intended an application in the general sense. At the least they preserved the right to make application for themselves and all certified as members of the class until the suit challenging the constitutionality of the assessment could be determined. KRS 134.590(1) contemplates refunds for taxes paid "under a statute held unconstitutional." KRS 134.590(6) then provides:

> "No refund shall be made unless application is made in each case within two (2) years from the date payment was made. If the question of the amount of taxes due is in litigation, the application for refund must be made within two (2) years from the date the amount due is finally determined."

A reasonable construction of KRS 134.590 as it applies to the present case would be as follows: Each individual entitled to a refund should apply to the Board of Education which shall then authorize the Sheriff to make the refund from current tax collections in his possession. Thus the mandate of *Dolan v. Land* would be carried out pursuant to the procedure established in KRS 134.590. Any party failing to make application within two (2) years from the date of the final decision in *Dolan v. Land,* May 10, 1984, would lose the opportunity to do so. This approach would provide a window of opportunity of approximately two and a half months from the time of this decision for the plaintiffs in *Dolan v. Land,* named and unnamed, to apply for a refund under KRS 134.590. The case of *Swiss Oil Corp. v. Shanks,* 208 Ky. 64, 270 S.W. 478 (1925), 273 U.S. 407, 47 S.Ct. 393, 71 L.Ed. 709 (1927), cited in the majority opinion, has no possible application to the present case beyond requiring each individual member in the class covered by our previous decision in *Dolan v. Land* to separately apply for a refund in a manner as discussed in this dissenting opinion.

This case, as decided, results in a serious miscarriage of justice. The landowners prevailed in their previous action, but are deprived of their legal rights as determined by the previous action. Their rights are cut off by our present decision holding that they were required to apply to the Board of Education for a refund at a time when the unconstitutionality of the assessment was still in litigation.

STEPHENS, C.J., and AKER, J., join in this dissent.