Jerome R. BISCHOFF, President, Interested Property Owners Association, on behalf of himself and others similarly situated, Appellant,

v.

CITY OF NEWPORT, Kentucky, Appellee.

Court of Appeals of Kentucky.

July 24, 1987.

Charles T. Lester, Jr., Fort Thomas, for appellant.

James E. Parsons, City Solicitor, Newport, for appellee.

Before HAYES, REYNOLDS and WILHOIT, JJ.

WILHOIT, Judge.

This is an appeal from an order of the Campbell Circuit Court, dismissing the appellant's class action seeking a declaratory judgment as to the validity of certain ordinances setting the ad valorem tax rate for the appellee City of Newport and a refund to members of the class of excess taxes paid. The appellant argues that the circuit court erred in determining (1) that the action could not be prosecuted as a class action, and (2) that compliance with KRS 134.590 was mandatory in order to bring an action for recovery of ad valorem taxes paid. We agree that dismissal was proper and affirm the order of the circuit court.

In 1979 the appellee, City of Newport, enacted an ordinance which established the ad valorem tax rate for fiscal year 1979–80. A class action in which the appellant, Jerome R. Bischoff, was a representative member, was brought challenging the ordinance as being in violation of KRS 132.027 which limits the tax rate which a city may set. Following a summary judgment in favor of the city, which was reversed on appeal by this Court,[1] the city entered into an approved settlement agreement with the members of the class. Bischoff and other members of the class then challenged the validity of the settlement order, which was upheld in a separate appeal to this Court.[2]

In January 1986, while the appeal from the circuit court's order approving the settlement agreement was pending, the appellant brought the present class action, pursuant to KRS 418.040, challenging the ordinances setting the City of Newport's ad valorem tax rates for the years 1980 through 1985. The complaint requested the circuit court to invalidate the ordinances in question and to order the return of excess taxes paid for those years by the appellant and other members of the class. The city filed a motion to dismiss the complaint, arguing that application for a refund of ad valorem taxes pursuant to KRS 134.590 was a condition precedent to filing a declaratory action for a refund in circuit court, and that an action for refund of taxes could not be pursued as a class action. The trial court agreed and dismissed the complaint. This appeal followed.

We first consider the appellant's contention that a class action was permissible in this case. Bischoff brought his class action for a declaratory judgment under KRS 418.040 et seq. A class action is a proper vehicle for a declaratory judgment as to the validity of a tax assessment or rate. See Fitzpatrick v. Patrick, Ky., 410 S.W.2d 143, 144 (1966); City of St. Matthews v. Trueheart, Ky., 274 S.W.2d 52, 54 (1954). However, an action for a refund of taxes paid may not proceed as a class action. Board of Education v. Taulbee, Ky., 706 S.W.2d 827, 828 (1986); Swiss Oil Corporation v. Shanks, 208 Ky. 64, 270 S.W. 478 (1925). Upon obtaining a declaratory judgment in favor of a class, each member of the class must apply for a separate refund in accordance with the relevant statute, in this case KRS 134.590. Taulbee at 829. The appellant's argument that a different rule applies with respect to local taxes as opposed to state taxes is without merit.

The appellant next argues that if a class action may not be maintained to recover excess taxes paid, the trial court nevertheless should have declared whether the tax rates for the years in controversy was valid since that is a proper matter for a declaration of rights. We disagree.

An action for declaratory judgment is statutory. See KRS 418.040 et seq. It may be brought to declare rights under a municipal ordinance only where the rights of the plaintiff are affected by the ordinance and an actual controversy exists.

---

1. *Bischoff v. City of Newport,* No. 84–CA–1756–MR (Ky.App. June 28, 1985) (not to be published).

2. *Bischoff v. City of Newport,* No. 86–CA–1756–MR (Ky.App. December 24, 1986) (not to be published).

*See* KRS 418.045. An "actual controversy" is not one which involves a question which is academic or hypothetical or which calls for nothing more than an advisory opinion. *See Dravo v. Liberty National Bank & Trust Co.,* Ky., 267 S.W.2d 95 (1954). Rather, it is a controversy over present rights, duties, and liabilities. *See Commonwealth v. Carroll County Fiscal Court,* Ky.App., 633 S.W.2d 720 (1982). An actual controversy with respect to an ad valorem tax rate would occur in two circumstances. The first of these would occur when a taxpayer or taxpayers wish to avoid paying a levied tax believed to be based upon an illegal rate. In this circumstance a declaratory judgment action could be brought by the taxpayer or taxpayers before paying the tax.[3] The second would occur when a taxpayer has already paid a tax which he later concludes was based upon an illegal rate and he wants to obtain a refund. In this circumstance, however, the statute provides an administrative remedy for obtaining a refund, *see* KRS 134.-590. The taxpayer must exhaust that remedy before seeking a refund judicially, unless there is an alleged constitutional violation, which is not the case here. *See Parrent v. Fannin,* Ky., 616 S.W.2d 501 (1981); *Board of Education v. Taulbee, supra; Dolan v. Land,* Ky., 667 S.W.2d 684 (1984).

 Inasmuch as the timely administrative application for a refund is a condition precedent to entitlement to recover a tax already paid, it must follow that such application is also necessary to create an actual controversy with respect to the rate upon which that tax is based. Without a timely application for refund of the tax paid, the taxpayer has no right to a refund and without a right of refund, his interest in the rate upon which the tax was based is no more than academic.

In the present case it is undisputed that the taxes for the years 1980 through 1985 had already been paid when this action was brought and that no application had been made by the appellant for refund of those taxes. In view of this, no actual controversy existed to warrant a judicial declaration of the validity of the tax rates for those years. The trial court, therefore, did not abuse its discretion in refusing to rule upon their validity.

The order of the Campbell Circuit Court is affirmed.

All concur.

---

3. KRS 134.590(6) permits an application for refund to be made within two years from a final determination of the amount due. *See Board of Education v. Taulbee, supra.* This would cover the situation in which the levied tax becomes due and is paid after the action is commenced in order to avoid payment of interest and penalties should the taxpayer later receive an unfavorable ruling.