Charles GRIGGS, Robert D. Woods, II and Martha Shropshire, Executrix of the Estate of James S. Shropshire, on Behalf of Themselves and All Others Similarly Situated, Movants,

v.

Michael DOLAN, Property Valuation Administrator; Don Blevins, Fayette County Court Clerk; Lones Taulbee, Sheriff, Fayette County; Department of Revenue of the Commonwealth of Kentucky; Board of Education of Fayette County, Kentucky; and Rene True, Property Valuation Administrator, Respondents.

No. 87–SC–886–DG.

Supreme Court of Kentucky.

Oct. 27, 1988.

594

Robert E. Maclin, III, Charles R. Hembree, Lexington, for movants.

William E. Sloan, George Allgeier, Lexington, for respondent, Bd. of Educ.

James D. Brannen, Ross Carter, Frankfort, for respondent, Revenue Cabinet.

Norrie Wake, Joseph R. Wheat, David Vest, Florence S. Huffman, Lexington, for respondents Dolan, Blevins, Taulbee and True.

LEIBSON, Justice.

This is a simple case rendered confusing by the complexity of the litigation.

Movants are taxpayers, owners of agricultural and horticultural property in Fayette County, who claim that the method of assessment utilized by the Property Valuation Administrator was unconstitutional for the years 1981, 1982, 1983, 1984 and 1985. Their Complaint, as Amended, seeks two forms of relief: declaratory relief adjudicating that their taxes have been unconstitutionally assessed and collected, and tax refunds for the overpayments which they claim have resulted from the unconstitutional assessments.

This case is Chapter III in the litigation process.

Chapter I was *Dolan v. Land,* Ky., 667 S.W.2d 684 (1984), prosecuted as a class action, in which we held "unconstitutional and void" "assessments for the subject property for the tax year 1981" because "the method used by the Fayette County PVA for 1981 resulted in farm property being assigned a value based on general averages rather than an individual and specific value related to the agricultural purpose for which it was used." *Id.* at 687.

Chapter II of this litigation occurred upon remand, and culminated with our decision in *Board of Educ. of Fayette County v. Taulbee,* Ky., 706 S.W.2d 827 (1986). It decided several important questions which had been left unresolved in *Dolan v. Land:* (1) how were the taxpayers to establish and apply for the refund to which each individual taxpayer would be entitled, and (2) were the taxpayers entitled to a tax refund for the portion of the tax that was 1981 school taxes when the Board of Education of Fayette County was not a party to the litigation?

In *Taulbee,* the Board of Education was seeking a permanent injunction to restrain the Sheriff from refunding to the taxpayers 1981 school taxes from current school taxes in his possession. We held that because it was not a party the Board of Education was not bound by the prior decision. A second suit in which the Board of Education was a party would be necessary before it would be bound by the decision in *Dolan v. Land* that the method used to assess the taxpayers' property in 1981 was unconstitutional. It is important to note that we did *not* overrule any part of the decision in *Dolan v. Land.* In *Taulbee* we further held that the decision in *Dolan v. Land* involving only the method of assessment "does not automatically entitle a plaintiff to a refund without further action." We explained:

"KRS 134.590(6) covers this situation as to local tax districts when it permits an application for refund to be made within two years from the date the amount due is finally determined." 706 S.W.2d at 829.

Chapter III, the present law suit, was filed December 12, 1984. It was filed because the plaintiffs had been unsuccessful in the trial court in their efforts to collect refunds on remand of *Dolan v. Land,* and

because the Board of Education had already filed the separate action known as *Board of Educ. v. Taulbee* seeking to permanently enjoin any refund based on *Dolan v. Land* for 1981 school taxes. On February 11, 1985, the Board of Education intervened in this present case. On April 14, 1986, after *Taulbee* was decided, the plaintiffs filed an Amended Complaint setting up the issues in this case in final form. On May 22, 1986, the trial court entered a final judgment which seems to fall far short of disposing of all the claims raised by the Complaint and Amended Complaint, but this is unclear. In any event, in affirming the trial court the Court of Appeals has treated the entire matter as disposed of. We have accepted discretionary review, and reverse.

There are two separate problems in this case:

1) How do our previous decisions involving the same general subject matter in *Dolan v. Land,* Ky., 667 S.W.2d 684 (1984) and *Board of Educ. of Fayette County v. Taulbee,* Ky., 706 S.W.2d 827 (1986), impact on the claims in this law suit?

2) What is the correct statutory interpretation of KRS 134.590, which is styled *"Refund of ad valorem taxes or taxes held unconstitutional"* and how does it apply to this lawsuit? This statute provides an administrative procedure for seeking refunds from the Department of Revenue and other taxing agencies and then provides in subsection (6):

> "No refund shall be made unless application is made in each case within two (2) years from the date payment was made. If the question of the amount of taxes due is in litigation, the application for refund must be made within two (2) years from the date the amount due is finally determined."

■ As we view this case, only a part of it is on appeal. The balance is still pending in Fayette Circuit Court. The issues presented on appeal are:

1) Whether the present class action could be maintained protesting the constitutionality of the *method of assessment* used by the PVA in determining ad valorem taxes:

A) Against the Board of Education (not bound by *Dolan v. Land*) for 1981, and then for 1982, 1983, 1984 and 1985, as well;

B) Against the remaining taxing authorities (already bound by the holding in *Dolan v. Land* as to 1981) for 1982, 1983, 1984 and 1985.

2) Whether the taxpayers were required to apply for an administrative refund under KRS 134.590 within two years of the date of original payment of these taxes or otherwise forfeit the right to litigate their constitutionality. The respondents insist that the only issue in this case is whether the taxpayers can seek refunds in this litigation rather than by individual application to the taxing agencies, the administrative procedure mandated by KRS 134.590. Movants *concede* that they cannot, that we decided otherwise in *Taulbee,* but insist that this does not foreclose the remaining issues.

■ In each instance these ad valorem taxes were due (and presumably paid) by December 31 in the year for which the taxes were assessed. The taxing authorities claim the two year limitation on applying for administrative refunds in the *first* sentence of KRS 134.590(6) controls the right to seek a refund thereafter, even if the constitutionality of the assessment is already in litigation. This would render the second sentence in KRS 139.590(6) meaningless.

*Dolan v. Land, supra,* has already decided a class action was an appropriate vehicle to challenge the method of assessment in this case. See also *Fitzpatrick v. Patrick,* Ky., 410 S.W.2d 143 (1966) and *Bischoff v. City of Newport,* Ky.App., 733 S.W.2d 762 (1987), reaching similar results. *Board of Educ. v. Taulbee, supra,* has already decided the second question, holding that if a suit challenging the method of assessment was pending, the time for making a claim for refund did not expire until two years following the finality date of the pending litigation.

In *Dolan,* maintained as a class action, we held that the method of assessment used was unconstitutional:

"It is the holding of this court that the method employed by the PVA to assess agricultural and horticultural land in Fayette County is unconstitutional." 667 S.W.2d at 688.

However, *Dolan* was limited in subject matter to assessments for the tax year 1981. Further, a portion of these 1981 taxes, unconstitutionally assessed, went to the Board of Education of Fayette County, which was not a party to the litigation at the time the assessment was declared unconstitutional. This oversight spawned the next suit, *Board of Educ. of Fayette County v. Taulbee, supra,* in which we held that the effect of *Dolan* was limited to the parties to the litigation; the Board of Education was not bound by the decision in the "original action in *Dolan v. Land*" because it "was not named as a party and it had no opportunity to assert a defense." 706 S.W.2d at 829. We further held that the previous litigation, *Dolan v. Land,* did not "automatically entitle a plaintiff to a refund without further action," even as to those taxing authorities who were named as defendants and bound by the final judgment. We held that "KRS 134.590(6) covers this situation ... when it permits an application for refund to be made within two years from the date the amount due is *finally determined.*" [Emphasis added]. We explained:

"When the assessment is found to be unconstitutional, the amount due cannot be determined finally until the case is concluded. Any amount due is based on the correct assessment. This original lawsuit [*Dolan v. Land*] challenged the validity of the assessment so the aggrieved taxpayers have two years from the date the amount due is determined by finality endorsement by a court of competent jurisdiction. KRS 134.590(6). This statute provides sufficient time to give taxpayers the opportunity to seek an appropriate refund." 706 S.W.2d at 829.

Thus it is the *law of the case,* based on *Dolan v. Land, supra,* and *Board of Educ. v. Taulbee, supra,* that the method used by the county PVA in assessing agricultural lands *in 1981* was unconstitutional, that the taxpayers, members of the class, were not automatically entitled to a refund but must individually make application for a refund following the procedure specified in KRS 134.590, *and* that "the aggrieved taxpayers have two years from the date" of the "finality endorsement" in *Dolan v. Land* to file such application. This would not extend the time to apply for a refund for 1981 school taxes because the Board of Education was not a party to the previous litigation.

The only further point pertaining to the *1981* assessment that remains to be decided in the present case arises because there is no statute limiting the time in which to file suit challenging the constitutionality of the method of assessment. It is this: what is the practical effect on the application procedure provided in KRS 134.590 if no litigation testing constitutionality is filed during the two year period provided therein to apply for a refund? How do we logically construe the interaction of the first and second sentences of KRS 134.590(6) to give effect to both? The answer is that, if no litigation is filed in two years, the time for administrative application will expire after two years elapse from the date payment was made. Thus, subsequent litigation which decides constitutionality will not benefit the taxpayer individually by extending the time for applying for a refund.

Translated into present circumstances, this means that the right to file for a refund under KRS 134.590 against the Board of Education for Fayette County for the year 1981 expired two years after the 1981 taxes were paid because the Board of Education was not a party to the litigation in *Dolan v. Land.* However, those taxpayers, members of the class, whose 1981 taxes were collected by an unconstitutional method of assessment had two years from the finality date in *Dolan v. Land* (May 10, 1984) to apply for a refund for 1981 ad valorem taxes paid to other taxing agencies named in that law suit.

The problem in the trial court and the Court of Appeals in the present litigation is that they viewed the holding in *Taulbee* as

deciding far more than it did. One, and only one, of the issues raised by the taxpayers in the present litigation was whether the taxpayers could seek refunds in this class action litigation, and the movants now concede that the holding in *Taulbee* is to the contrary, that they cannot; that as taxpayers they must make individual application to the appropriate administrative agency for refunds. However, the trial court and the Court of Appeals overlooked the additional elements of relief sought in the present action, which were indeed appropriate to the litigation and remain to be decided:

1) Was the 1981 method of tax assessment unconstitutional as to the Board of Education (even though it is probably too late to apply for a 1981 school tax refund); and more importantly,

2) Were the methods of assessment used for subsequent years, 1982, 1983, 1984 and 1985, like the 1981 taxes, collected by an unconstitutional method of assessment?

Our holding in *Taulbee*[1] was that a new law suit would be necessary before the Board of Education would be bound by the decision as to constitutionality as to the 1981 taxes. It is the law of the case. For much stronger reasons a new law suit also would be necessary to determine whether the same unconstitutional method of assessment used in 1981 was used again in 1982, 1983, 1984 and 1985. Only then will it be appropriate to apply for administrative refunds for those subsequent years. This case is that new law suit. This case was erroneously decided by dismissal for failure to state a claim for relief. The case must be remanded for two reasons:

1) To permit the Board of Education, which was not a party and not bound by the decision in *Dolan v. Land,* to relitigate the constitutionality of the 1981 method of assessment if it so desires. We note that

the decision on this point may well be meaningless because the two year time limitation in KRS 134.590 was not suspended by the litigation in *Dolan* as to the Board of Education, as it was as to the remaining named tax authorities. The taxpayers, even if successful once again on this point, cannot apply for a 1981 refund to the Board of Education.[2]

2) To permit the taxpayers to litigate the constitutionality of the method of assessment utilized for subsequent years, 1982, 1983, 1984 and 1985, which was not decided in *Dolan v. Land.* Indeed, there was no proof in that case, or in *Board of Educ. v. Taulbee,* as to the method of assessment in subsequent years. These issues remain to be decided in the present case as to all of the tax authorities involved including the Board of Education.

As a caveat concerning the year 1982: The present suit was filed on December 28, 1984. The taxpayers may be entitled to a declaratory judgment holding unconstitutional the method of assessment for the year 1982, but their right to seek a refund for the 1982 year may have expired because they paid their taxes before December 28, 1982.

And, as a further caveat: there is a further complication for taxpayers who will want to apply for a refund for 1982 taxes against the Board of Education. As with *Dolan v. Land,* this present law suit did not originally name the Board of Education as a defendant. The Board of Education became a party in the present law suit on February 11, 1985, when it was permitted to intervene. Thus, there will be no subsequent right to apply for a refund of taxes paid to the Board of Education except as to any taxpayers who paid after February 11, 1983.

The decision of the Court of Appeals and the judgment of the trial court are re-

---

**1.** Leibson, J., dissenting, joined by Stephens, C.J., and Aker, J. We would have held that "the interests of the School Board in *Dolan v. Land* were so merged with the interests of the Department of Revenue and the Fayette County Property Valuation Administrator, Sheriff and Clerk, that joinder was not required." 706 S.W.2d at 831. ·

**2.** From the record it appears that 425 taxpayers made application for administrative refunds on December 20, 1985, and April 4, 1986, which would be within two years of the finality date of *Dolan v. Land.* If so, except as to the Board of Education, this would be timely application for 1981 taxes.

versed. The case is remanded to the trial court for further proceedings in conformity with this opinion.

STEPHENS, C.J., and LAMBERT and WINTERSHEIMER, JJ., concur.

VANCE, J., dissents by separate opinion in which GANT, J., joins.

VANCE, Justice, dissenting.

I dissent for the reasons expressed in the dissenting opinion in *Dolan v. Land,* Ky., 667 S.W.2d 684 (1984), and for the further reason, that despite a finality endorsement by the trial judge, the judgment appealed from is not a final judgment. As noted in the majority opinion, the trial court and the Court of Appeals overlooked additional elements of relief sought in the complaint and did not finally determine those issues between the parties. They remain yet to be decided. I would dismiss the appeal and remand to the trial court for a final judgment disposing of all the issues.

GANT, J., joins in this dissenting opinion.